## HEBERT et al. *v.* LOUISIANA.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 24. Submitted October 13, 1926.—Decided November 1, 1926.

1. The Eighteenth Amendment contemplates that the manufacture of intoxicating liquor for beverage purposes may be denounced as a criminal offense by both federal and state law; and that these laws may not only coexist but be given full operation, each independently of the other. P. 314.

2. Where such manufacture is thus doubly denounced, one who engages therein commits two distinct offenses, one against the United States and one against the State, and may be subjected to prosecution and punishment in the federal courts for one and in the state courts for the other without any infraction of the constitutional rule against double jeopardy, it being limited to repeated prosecutions " for the same offense." P. 314.

3. The provision of § 256, Jud. Code, giving the District Courts exclusive jurisdiction of offenses, relates only to offenses under the federal law and does not affect the authority of a state court over an offense against the state law, although the same act was an offense against federal law as well. P. 314.

4. The power of a State to declare criminal the manufacture of intoxicating liquor for beverage purposes and to prosecute offenders, is not derived from the Eighteenth Amendment. P. 314.

5. In the absence of objection by the United States, persons under federal indictment and on bail awaiting trial for violations of the federal prohibition law, may be arrested and tried by the state courts for the same acts constituting violations of the state prohibition law. P. 315.

6. A decision of a state supreme court construing state penal statutes in such wise as to impose a heavier sentence than would be valid under the construction advanced by the accused is not reviewable here as a denial of due process of law, under the Fourteenth Amendment. P. 316.

7. The due process of law clause in the Fourteenth Amendment does not take up the statutes of the several States and make them the test of what it requires; nor does it enable this Court to revise the decisions of the state courts on questions of state law. What it does require is that state action, whether through one agency or another, shall be consistent with the fundamental

principles of liberty and justice which lie at the base of all our civil and political institutions and not infrequently are designated as " law of the land." Those principles are applicable alike in all the States and do not depend upon or vary with local legislation. P. 316.

158 La. 209, affirmed.

ERROR to a judgment of the Supreme Court of Louisiana affirming a sentence for violation of the state law against manufacture of intoxicating liquor for beverage purposes.

*Messrs. A. R. Mitchell* and *Thomas A. Edwards* for the plaintiff in error, submitted.

*Messrs. Percy Saint,* Attorney General of Louisiana, *Percy T. Ogden,* Assistant Attorney General, *John J. Robira,* and *E. R. Showalter* for the State of Louisiana, submitted.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

The State of Louisiana, like the United States, has a statute making it a criminal offense to manufacture intoxicating liquor for beverage purposes. A judgment of the Supreme Court of the State affirming a conviction under this statute, 158 La. 209, is presented for review by this writ of error. The writ was sued out before the Act of February 13, 1925, c. 229, 43 Stat. 936, and falls within the saving clause in the last section.

When the accusation was preferred in the state court, and when the accused were arrested thereon, they already were under indictment in the federal district court for the same acts as an offense against the federal statute and were on bail awaiting trial in that court. When taken before the state court they interposed a plea, first, that it was without authority to entertain the accusation, because the acts charged constituted an offense against the United States of which the federal district court was

given exclusive jurisdiction by § 256 of the federal judicial code, and, second, that, even if the accusation could be entertained, their arrest under state process while they were on bail awaiting trial in the federal district court was in derogation of the authority of the latter, and therefore did not give jurisdiction of their persons. The plea was overruled and this is assigned as error.

We think the ruling was right. The Eighteenth Amendment to the Constitution contemplates that the manufacture of intoxicating liquor for beverage purposes may be denounced as a criminal offense both by the federal law and by the state law; and that these laws may not only coexist but be given full operation, each independently of the other. Where such manufacture is thus doubly denounced, one who engages therein commits two distinct offenses, one against the United States and one against the State, and may be subjected to prosecution and punishment in the federal courts for one and in the state courts for the other without any infraction of the constitutional rule against double jeopardy, it being limited to repeated prosecutions "for the same offense." *United States* v. *Lanza,* 260 U. S. 377.

The provision in § 256 of the federal judicial code has no bearing on the authority of a state court to entertain an accusation for an offense against the state law. That provision relates to offenses "cognizable under the authority of the United States." Only offenses against the laws of the United States are cognizable under its authority. Those against state laws are cognizable only under the authority of the State. And this is true where the same act is an offense against both a law of the United States and a law of the State.

An argument is advanced to the effect that the State in denouncing the manufacture of intoxicating liquor for beverage purposes as a criminal offense and in taking proceedings to punish the offenders is exerting a power

derived from the Eighteenth Amendment, and therefore that all that is done by the State in that regard must be taken as done under the authority of the United States. The same argument was advanced in *United States* v. *Lanza, supra,* and was rejected as unsound for reasons which we deem it well to repeat here—

"To regard the Amendment as the source of the power of the States to adopt and enforce prohibition measures is to take a partial and erroneous view of the matter. Save for some restrictions arising out of the Federal Constitution, chiefly the commerce clause, each State possessed that power in full measure prior to the Amendment, and the probable purpose of declaring a concurrent power to be in the States was to negative any possible inference that in vesting the National Government with the power of country-wide prohibition, state power would be excluded. In effect, the second section of the Eighteenth Amendment put an end to restrictions upon the State's power arising out of the Federal Constitution and left her free to enact prohibition laws applying to all transactions within her limits. To be sure, the first section of the Amendment took from the States all power to authorize acts falling within its prohibition, but it did not cut down or displace prior state laws not inconsistent with it. Such laws derive their force, as do all new ones consistent with it, not from this Amendment, but from power originally belonging to the States, preserved to them by the Tenth Amendment, and now relieved from the restriction heretofore arising out of the Federal Constitution. This is the *ratio decidendi* of our decision in *Vigliotti* v. *Pennsylvania,* 258 U. S. 403."

It, of course, was essential that the state court have jurisdiction of the persons of the accused. In fact they were before it and were accorded full opportunity to defend. In the absence of any showing to the contrary, and there is none, it properly may be assumed that the

United States acquiesced in their arrest and trial on the accusation under the state law, notwithstanding they were then on bail awaiting trial in the federal court on the indictment pending there. Certainly, if the United States was not objecting, the fact that the accused were thus on bail awaiting trial in the federal court presented no obstacle to the arrest under the process of the state court as a means of acquiring jurisdiction of their persons. *Ponzi* v. *Fessenden,* 258 U. S. 254, 260; *Beavers* v. *Haubert,* 198 U. S. 77, 85; *Peckham* v. *Henkel,* 216 U. S. 483, 486.

The accused also assign error on a ruling respecting the maximum period of imprisonment admissible under the state law. Two statutes were involved. The accused took the position that one was special and excluded the other. But the trial court rejected that view, construed the statutes as intended to be taken together, and as a result imposed a more burdensome sentence than was named in the statute which the accused thought controlling. The Supreme Court sustained that construction, and the accused contend here, as they did in that court, that the construction was wrong and, being wrong, operated as a denial of due process of law in the sense of the Fourteenth Amendment. The contention must be overruled. Whether state statutes shall be construed one way or another is a state question, the final decision of which rests with the courts of the State. The due process of law clause in the Fourteenth Amendment does not take up the statutes of the several States and make them the test of what it requires; nor does it enable this Court to revise the decisions of the state courts on questions of state law. What it does require is that state action, whether through one agency or another, shall be consistent with the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions and not infrequently are designated as "law of the

land." Those principles are applicable alike in all the States and do not depend upon or vary with local legislation. *Castillo* v. *McConnico,* 168 U. S. 674, 682-683; *West* v. *Louisiana,* 194 U. S. 258, 261-263; *Patterson* v. *Colorado,* 205 U. S. 454, 459; *Pullman Co.* v. *Knott,* 235 U. S. 23, 25; *Enterprise Irrigation District* v. *Farmers Mutual Canal Co.,* 243 U. S. 157, 166. The Supreme Court of the State having held that the two statutes must be taken together in determining the penalty intended we must accept that conclusion as if written into the statutes themselves. *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 73. All that would be open in this Court under the due process clause is whether the State had power to impose the penalty fixed by the statutes as thus construed. *Rawlins* v. *Georgia,* 201 U. S. 638, 640. That the State had such power is not questioned, but only that the statutes rightly construed show that the power has been exercised. On this question, as we have said, the decision of the Supreme Court of the State is controlling.

*Judgment affirmed.*