**MURRAY v. HILDRETH, Marshal.**

**No. 6670.**

Circuit Court of Appeals, Fifth Circuit.
Oct. 28, 1932.

484

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., and B. R. Cisco, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

James Murray appeals from an order denying his petition for the writ of habeas corpus by which he sought to secure his release from the custody of the United States marshal by whom he was being held for trial upon a warrant which charged him with murder "on the high seas and on waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of the State of Florida on board a vessel belonging in whole or in part to a citizen of the" United States. The case was submitted upon evidence taken before a commissioner at a preliminary hearing. From that evidence a jury might reasonably find that appellant was guilty of the murder of one Daniel A. Romberger, a customs patrol inspector. The crime was committed on board, or in the water just alongside, a boat in the Atlantic Ocean within 200 feet of the Florida coast near Dania Beach, at a point which is much less than the distance from low-water mark out to the edge of the Gulf Stream, while appellant and others on board that boat were attempting to land a cargo of liquor which it had brought from Bimini. The boat was owned by Ralph Senterfit, a citizen of the United States, who also was on board and made the first assault on Romberger. Appellant's contention is that the crime alleged against him, because of the place where it was committed, is not punishable in the courts of the United States, but is within the exclusive jurisdiction of the courts of the state of Florida.

Congress has the power to define and punish piracies and felonies committed on the high seas. Constitution, art 1, § 8, cl. 10. "The term 'high seas' includes waters on the sea-coast without the boundaries of

low-water mark." In re Ross, 140 U. S. 453, 471, 11 S. Ct. 897, 902, 35 L. Ed. 581. See also Waring v. Clarke, 5 How. 441, 453, 12 L. Ed. 226. That part of the high seas within three-miles of the coast of the United States is, under the law of nations, within their territorial jurisdiction, United States v. Furlong, 5 Wheat. 184, 5 L. Ed. 64; Regina v. Keyn, 2 Ex. Div. 63; and, under the laws of the United States, is also within the territorial waters of the particular state of the Union whose shores they bound, Manchester v. Massachusetts, 139 U. S. 240, 257, 11 S. Ct. 559, 35 L. Ed. 159. The Constitution of Florida by article 1 undertakes to make the westerly edge of the Gulf Stream one of its boundaries. The question whether it can do so beyond the three-mile limit or not is immaterial in this case, since the crime here under consideration was committed within the three-mile limit and also between the coast and the westerly edge of the Gulf Stream. The decisive question here is whether Congress has exercised the power conferred upon it by the Constitution over that part of the high seas within the three-mile limit. The Act of Congress of April 30, 1790, by section 8, provided punishment for certain crimes, including murder committed "upon the high seas, or in any river, haven, basin or bay, out of the jurisdiction of any particular state." 1 Stat. 113. In section 4 of the Act of March 3, 1825, the words "any arm of the sea" and "within the admiralty and maritime jurisdiction of the United States," were added by way of amendment. 4 Stat. 115. A general revision of the criminal laws was made by the Act of March 4, 1909. Chapter 11 relates to "offenses within the admiralty and maritime and the territorial jurisdiction of the United States." 35 Stat. 1142 (18 USCA § 451 et seq.). Section 272 of that chapter of the Criminal Code (18 USCA § 451), so far as it is material here, is as follows:

"The crimes and offenses defined in this chapter shall be punished as herein prescribed:

"First. When committed upon the high seas, or on any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, or when committed within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State on board any vessel belonging in whole or in part to the United States or any citizen thereof, or to any corporation created by or under the

laws of the United States, or of any State, Territory, or District thereof."

Other sections of the same chapter define, and prescribe the punishment for, murder. Criminal Code, §§ 273, 275, 18 USCA §§ 452, 454. The just quoted section of the Criminal Code substitutes the words "any other waters" for "river, haven, basin or bay," etc., used in the earlier statutes. It purports to do nothing more than to use general terms of description in place of the attempted enumeration by name of all waters within the admiralty and maritime jurisdiction of the United States, and out of the jurisdiction of any particular state. If the language "out of the jurisdiction of any particular State," which is common to all these statutes, refers only to the waters enumerated in the earlier statutes, then clearly it refers only to the "other waters" mentioned in section 272 of the Criminal Code. The same reason that would make that language inapplicable to offenses on the high seas in the one case would make it inapplicable in the other. In United States v. Rodgers, 150 U. S. 249, 14 S. Ct. 109, 115, 37 L. Ed. 1071, the limitation as to the jurisdiction of any particular state was stated in the opinion not to apply to the high seas, and it was said as to vessels on the high seas "there is no limitation named to the authority of the United States." From the beginning Congress has asserted jurisdiction of offenses committed on the high seas in terms as broad as the constitutional grant of power. It was only when Congress came to legislate as to waters other than the high seas, such as rivers, havens, and bays, that it took jurisdiction of such waters only as were not within the jurisdiction of any particular state. While we hold that Congress has taken jurisdiction of crimes committed on the high seas within the three-mile limit, it is unnecessary in this case to decide, and we do not decide, that its jurisdiction is exclusive of the right of the states also to punish crimes committed on the high seas within their territorial waters. As between nations, there is concurrent jurisdiction in foreign waters; and, as between the United States and the several states, there is no reason why the jurisdiction over crimes within the three-mile limit could not be made concurrent, as has usually been done in the punishment of offenses committed in violation of both federal and state laws. Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; Hebert v. Louisiana, 272 U. S. 312, 47 S. Ct. 103, 71 L. Ed. 270, 48 A. L.

R. 1102. Indeed, it is provided in 18 USCA § 547 that nothing contained in sections 1 to 553 of that title, which includes section 451, the statute under consideration, "shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." This specific provision prevails over the general terms of Revised Statutes, § 711, 28 USCA § 371, which declares that the jurisdiction of the United States shall be exclusive of the courts of the several states in respect of all crimes and offenses cognizable under authority of the United States. Hebert v. Louisiana, supra; People v. Welch, 141 N. Y. 266, 36 N. E. 328, 24 L. R. A. 117, 38 Am. St. Rep. 793. All we decide is that the United States has jurisdiction to prosecute appellant if the crime charged against him was committed on the ocean below the low-water mark.

The judgment is affirmed.