### Ex parte HAUMESCH.

Circuit Court of Appeals, Ninth Circuit.

May 7, 1936.

E. G. Haumesch, of Los Angeles, Cal., in pro. per.

Before WILBUR, Senior United States Circuit Judge.

WILBUR, Circuit Judge.

E. G. Haumesch, attorney, petitions for writ of habeas corpus on behalf of Charles P. Stevens under sentence of death to be executed tomorrow, May 8, 1936. This petition should have been presented in the first instance to a United States District Court. Ex parte Davis (C.C.A.) 54 F.(2d) 723. The petition shows that Stevens was tried and convicted of murder in the superior court of the state of California in and for the county of Los Angeles. An appeal was taken from the conviction, which was affirmed by the Supreme Court of California December 31, 1935. People v. Stevens, 53 P.(2d) 133. A rehearing was denied by that court, and subsequently an application for a writ of habeas corpus was made to that court, which was also denied.

Petitioner predicates his application to the senior United States Circuit Judge of this court for writ of habeas corpus upon the ground that the lawyer employed by Stevens for his defense did not conduct his defense skillfully but made numerous errors prejudicial to his client. This, petitioner claims, constitutes denial of due process of law, citing Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Hebert v. Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102.

Charles P. Stevens, having been represented at the trial of his case before a duly constituted court and jury by an attorney of his own selection, cannot complain that he has been deprived of his constitutional right to be represented by counsel because the attorney so selected was, as he claims,

unskillful or incompetent in the handling of the case.

Federal judges are reluctant to interfere with the orderly process of the state courts, and should not do so by the issuance of a writ of habeas corpus unless a substantial case is presented by the petitioner. The petitioner herein fails to show that Charles P. Stevens has been denied any constitutional right.

Petition denied.