## KELLY v. JOHNSTON.
### No. 10019.

Circuit Court of Appeals, Ninth Circuit.
June 8, 1942.

Rehearing Denied July 11, 1942.

Thomas G. Mahoney and George T. Cronin, both of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, STEPHENS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

In August 1932 appellant participated in the armed robbery of a postoffice station. In the following month he was arrested and indicted for armed robbery of mail matter, under § 197 of the Criminal Code, 18 U.S. C.A. § 320, 35 Stat. 1126. Without counsel, he pleaded guilty and was sentenced to twenty-five years imprisonment, the mandatory penalty under the statute. He now seeks release by writ of habeas corpus. A writ was issued by the lower court, but the writ was discharged and he was remanded to the custody of respondent after hearing, and this appeal follows.

Appellant's contentions are, that he was ignorant of his right to counsel and did not intelligently waive the same, that his plea of guilty was induced by false threats and promises as to the sentence which he would receive, and that he did not understand the nature of the charge against him or intelligently plead thereto.

The clerk of the court in which appellant was arraigned and sentenced testified that the judge, before accepting appellant's plea, advised him fully of his right to counsel. The postal inspector who was claimed to have made the false threats and prom-

ises testified that he did not do so and his testimony was corroborated. Opposed to this evidence was only the testimony of appellant.

Appellant himself testified that the indictment was read to him at his arraignment.

■ Appellant's claim that he did not understand the nature of the charge against him is based upon his claim that he did not know whether or not the property he stole was mail matter and that he now believes that it was not and, consequently, he should have been charged with robbery, for which the maximum penalty was ten years.

At the hearing on the writ of habeas corpus a confession signed by the petitioner was introduced by the government. In this confession it was stated by the appellant that the money stolen was taken from a safe and the cash drawer in the postoffice and that the stamps were taken from the cash drawer. Appellant also testified to the same effect. This evidence was introduced without objection but respondent's counsel later objected to any evidence tending to show that the money or stamps were not mail matter on the ground that the petitioner's plea of guilty and the judgment thereon precluded an inquiry into the question as to whether or not the money and stamps taken were in fact mail matter.

The trial court sustained the objection and excluded evidence offered by the appellant as to whether or not the money and stamps taken by him were enclosed in envelopes.

It may be that the testimony of the appellant and his confession as to where he obtained the money and stamps are the truth and that if so neither the money nor stamps were mail matter within the contemplation of § 197, but that question is foreclosed by the judgment and conviction.

The lower court found that appellant understood the nature of the charge. He was a well educated man, and the charge was admittedly read to him; it cannot be said that the finding is erroneous.

■ The lower court found against appellant on each of the other issues, and those findings may not be set aside here unless clearly erroneous. Rules of Civil Procedure, 52(a), 81(a) (2), 28 U.S.C.A. following section 723c; Macomber v. Hudspeth, 10 Cir., 115 F.2d 114, 116.

■ Appellant further contends that the indictment was fatally defective. The suf-ficiency of the indictment is a question which the court rendering judgment had authority to determine, and will not be inquired into on habeas corpus. Telfian v. Johnston, 9 Cir., 122 F.2d 346.

■ "If there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus." Creech v. Hudspeth, 10 Cir., 112 F.2d 603, 606. Appellant's first objection to the indictment is that it charges robbery of "mail matter" whereas Criminal Code § 197, supra, refers to robbery of "mail". The point is without merit; a reading of the section makes it plain that the two terms are used interchangeably therein. Appellant's second objection to the indictment is that the reference in it to "mail matter" is nullified or at least made hopelessly ambiguous by the further specification, "and especially * * * stamps * * * and money." This argument is equally unsound; both stamps and money can be mail matter (Norton v. Zerbst, 10 Cir., 83 F.2d 677, 679), and the indictment sufficiently alleges that they were such in the instant case. Clearly the indictment was not so defective as to be subject to attack on habeas corpus. It follows that the order of the trial court is correct and should be affirmed.

■ In view of the fact that the claim of the petitioner may be well taken and that prior to the amendment of § 197 in 1935 the penalty for robbery of property of the United States did not exceed ten years, we would be disposed to recommend that his sentence be commuted by the President to the time served were it not for the fact that the appellant confessed that he had committed at least four robberies being armed with a deadly weapon and two grand thefts, shortly before and after the robbery in question, all committed in California and that he had previously been convicted of grand larceny, once in Oregon, had been convicted and served states prison sentences for grand larceny or grand theft, once in Washington and two or three times in California, and had been convicted and served a federal prison sentence for violation of the Dyer Act, 18 U.S.C.A. § 408. Robbery, being armed with a deadly weapon, in California is punishable by an indeterminate sentence of from five years to life (Cal.Penal Code of 1931, § 213), and where the offender has

previously been convicted three times and served time for grand theft the offender must be punished by life imprisonment and is ineligible for parole under the California law punishing habitual criminals (Cal.Penal Code, § 644). Moreover, if the petitioner had been prosecuted, as he might have been (United States v. Lanza, 260 U.S. 377, 43 S. Ct. 141, 67 L.Ed. 314; Hebert v. State of Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102), in the state court for the same robbery of the postoffice employees, which he confessed and to which he plead guilty in the United States District Court, the punishment would have been life imprisonment without eligibility for parol (Cal.Penal Code §§ 213, 644, supra). It may be assumed that the three year statute of limitations has now run against any state offense committed by the appellant (Cal. Penal Code, § 644).

Affirmed.

HEALY, Circuit Judge (concurring).

In light of the settled principles to which Circuit Judge WILBUR calls attention, I agree that the order below must be affirmed. I express no opinion whether, in the circumstances, the considerations last discussed are such as to warrant denial of executive clemency.