STATE OF NEW JERSEY, DEFENDANT, v. NELSON SEAMAN, PROSECUTOR.

Argued May 5, 1948—Decided July 16, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the applicant, *Joseph Butt.*

For the state, *Edward Cohn* and *H. Russell Morss, Jr.*

The opinion of the court was delivered by

DONGES, J.   Prosecutor seeks a writ of *certiorari* to review the denial of a writ of *habeas corpus* by the Union County Court of Common Pleas to review his conviction in the Union County Court of Special Sessions, or, in the alternative, a writ of *habeas corpus* in this court to review his conviction.

Prosecutor was arrested and charged with larceny of two unemployment compensation checks of the value of twenty-two ($22) dollars each, the property of one Thomas Muldowney from the latter's mail box.   Prosecutor urges that inasmuch as the checks were alleged to have been taken from the United States mail, it constituted an offense in violation of the federal statute and, therefore, the state courts were without jurisdiction.

Prosecutor was represented by counsel and, conforming with the statute, waived indictment and sought immediate trial.   At the time fixed for trial, September 14th, 1947, he pleaded *non vult* and was sentenced to state prison for a minimum term of two years, and for a maximum term of three years.

The sole ground advanced is that the alleged offense being a violation of a federal statute the state court was without jurisdiction to arrest and try the accused.   The offense was likewise in violation of the laws of this state, *R. S.* 2:145–3, which provides, "Any person who shall steal or take by robbery or obtain possession of by false statements, representations or promises any * * * check * * * for payment of money * * * being the property of any other person, * * * shall be guilty of a high misdemeanor."

The offense alleged was, therefore, a violation of the law of this state and subject to punishment by the courts of this state.

In *United States* v. *Lanza,* 260 *U. S.* 377; 67 *L. Ed.* 314, Mr. Chief Justice Taft said, "We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. \* \* \* Each government, in determining what shall be an offense against its peace and dignity, is exercising its own sovereignty, not that of the other."

In *State* v. *Cioffe,* 128 *N. J. L.* 342; *affirmed,* 130 *Id.* 160, it was said, "The offense in question at once violated the Federal Criminal Code in that the bank whose money was stolen was a national bank; and it also offended against the Crimes Act of this state. Two different sovereignties were offended. The acquittal or conviction in the criminal tribunal of one sovereignty creates no barrier to prosecution by the other for a crime arising out of the same act. *Cf. Herbert* v. *Louisiana,* 272 *U. S.* 312. *United States* v. *Lanza,* 260 *Id.* 377. The peace and dignity of each government, state and national, was offended and each is competent independently to deal with the offenders and punish in case of conviction. See, also, *U. S. C. A. Title* 12, *paragraph* 588, *subsection* D." In the instant case there was no prosecution in the federal courts, the charges in that jurisdiction having been dropped.

Upon the record before us we conclude that the Court of Quarter Sessions had jurisdiction to render the judgment and sentence imposed upon prosecutor, and that the refusal of a writ of *habeas corpus* was not error, and that no debatable question appears for review by *certiorari,* or otherwise. The application is denied.