## Goldberg v. Green et al.

*B. F. Kivnik*, for plaintiff.

*J. L. Ehrenreich*, for defendants.

HAGAN, J., October 30, 1953.—There are before the court preliminary objections in the nature of a demurrer filed by defendants to plaintiff's complaint.

The complaint alleged that plaintiff and defendants entered into an original and supplemental written contract dated October 31, 1950, for the purpose of dissolving a preëxisting partnership between them.

The supplemental contract contained the following provision:

"Emanuel and Daniel [defendants] hereby agree to pay all income taxes, as well as interest and penalties thereon, to which Philip [plaintiff] is or may be liable in respect of income arising out of the business of the said partnership for any and all years during which the said partnership was in existence, including all deficiencies in income taxes, together with interest and penalties thereon, which may be assessed or imposed against Philip in respect of income, from whatever source, for the years 1945, 1946 and 1947."

Subsequent to the execution of the contract, plaintiff was indicted in the United States District Court of the Eastern District of Pennsylvania for attempting to defeat and evade the payment of income taxes for the calendar years 1945, 1946 and 1947. Plaintiff pleaded nollo contendere to the indictment, and thereafter the court imposed upon him a fine in the sum of $7,500.

Plaintiff has paid $1,500 on account of the fine, and this action was brought by him to recover that sum from defendants under the above-quoted provision of the supplemental contract.

The preliminary objections ask that the complaint be dismissed and judgment entered for defendants on the ground that the above-quoted provision of the supplemental contract cannot be construed to impose

liability on defendants for the payment of a fine imposed upon plaintiff for violation of the criminal provision of the Internal Revenue Code.

At the hearing on the preliminary objections the question of whether the provisions of the contract imposed liability upon defendants to pay a fine imposed upon plaintiff by the Federal court was argued, and briefs were submitted on that question. However, in the course of the argument, counsel for defendants also contended that, if it be conceded for the purpose of argument that the contract between the parties rendered defendants liable for the fine imposed upon plaintiff, the latter could not recover for the reason that consideration for the contract was illegal. Under these circumstances, the court ordered that defendants' preliminary objections be set down for reargument, and that at the reargument counsel for the parties argue the question of the illegality of the consideration and submit briefs in support of their respective positions.

At the hearing on the reargument neither counsel for plaintiff nor counsel for defendants were able to cite any direct authority on the question of whether or not the promise in the written contract to pay a fine subsequently imposed against the promisee as part of a criminal sentence was contrary to public policy, and therefore void. Our own research has not produced a case directly on the question. However, it will not be necessary to decide this question if we should conclude that a fair and reasonable interpretation of the language of the contract demonstrates that it was not the intent of the parties to impose liability upon defendants for the payment of the fine.

We shall, therefore, proceed to analyze the pertinent paragraph of the contract, which has heretofore been quoted in full.

Counsel agree that the contract between the parties having been reduced to writing and expressed in lan-

guage that is not ambiguous, its construction and interpretation is for the court: Fisher & Porter Company v. Porter, 364 Pa. 495.

The contention of plaintiff is that the agreement on the part of defendants to discharge the liability of plaintiff (for ". . . all income taxes as well as interest and *penalties thereon* . . . including all deficiencies in income taxes, together with interest and *penalties thereon* . . .") obligated defendants to pay the fine of $7,500 which was subsequently imposed upon plaintiff by the Federal court as punishment for evading the payment of income taxes for the years covered by the contract. The contention of defendants, on the other hand, is that the above-quoted language of the contract imposed liability upon them only for civil penalties which might thereafter be imposed upon plaintiff under the civil sanctions of the Internal Revenue Code.

The fine was imposed under section 145(*b*) of the Internal Revenue Code, which provides that ". . . any person who wilfully attempts in any manner to evade or defeat any tax imposed by this chapter for the payment thereof, shall, *in addition to the other penalties provided by law*, be guilty of a felony and upon conviction thereof be fined not more than $10,000.00 or imprisoned for not more than five years, or both, together with costs of prosecution." (Italics supplied.)

The civil sanctions for nonpayment or nonfelonious evasion of the tax are set forth in sections 292 and 293 of the code. Section 292 provides that if the failure to pay taxes is not due to negligence or intentional disregard of the law, the taxpayer is required to pay interest at the rate of six percent per annum on the amount determined to be due. Section 293 of the code provides that if the failure to pay is due to negligence or intentional disregard of the law, five percent of the total amount of the deficiency shall be added to the tax,

and if the failure to pay is due to a fraudulent intent to evade the tax, 50 percent of the total amount of the deficiency shall be added to the tax.

It will be seen, therefore, that a fraudulent intent to evade payment of income taxes subjects a taxpayer to a double penalty, one civil in character and the other criminal in character. The civil penalty is a fixed percentage and becomes a liquidated debt of the taxpayer. The criminal penalty may be by way of imprisonment or the imposition of a fine, or both, in the judicial discretion of the judge who imposes the sentence. This distinction in the penalties imposed by the code is considered in the case of Spies v. United States, 317 U. S. 492, 495, where the court said:

"The penalties imposed by Congress to enforce the tax laws embrace both civil and criminal sanctions. The former consist of additions to the tax upon determinations of fact made by an administrative agency and with no burden on the Government to prove its case beyond a reasonable doubt. The latter consist of penal offenses enforced by the criminal process in the familiar manner."

The ultimate question for determination, therefore, is whether the obligation assumed by defendants in their contract with plaintiff to pay "penalties" assessed or imposed upon plaintiff in respect to his income tax liability for the years 1945, 1946 and 1947 included the payment by defendants of the fine of $7,500 subsequently imposed upon plaintiff in lieu of a prison sentence. We are resolving this question in favor of defendants.

It is true, of course, that the section of the code under which plaintiff was indicted and sentenced by implication designates the imposition of a fine as a "penalty", but it is also true that in so characterizing the fine as a penalty, the code clearly labels the im-

position of additions to the tax provided by sections 292 and 293 as "other penalties provided by law".

The word "penalty" is a generic term and comprehends both civil and criminal punishment: Commonwealth v. State Loan Corporation, 116 Pa. Superior Ct. 365. But, in its narrower sense a penalty is the pecuniary punishment imposed for the violation of a statute. A fine, on the other hand, is a sum of money expressly imposed in lieu of or in addition to a term of imprisonment, and is part of the punishment for a criminal offense: Hebert et al. v. State of Louisiana, 272 U. S. 312. The distinctions between a penalty and a fine are considered in 36 C. J. S. 781-82, §1, as follows:

"The terms 'fine' and 'penalty' are not identical in meaning, but are often confused in loose statements. The term 'penalty' in its broadest sense includes all punishment of whatever kind, and in the broad sense it is a generic term which includes fines as well as all other kinds of punishments. As generally understood, a fine is a sum of money exacted of a person guilty of a crime, the amount of which may be fixed by law or left in the discretion of the court; while a penalty is a sum of money for which the law exacts payment by way of punishment for doing some act which is prohibited, or omitting to do some act which is required to be done, which violation may or may not be a crime. A fine is imposed in a criminal action or proceeding, but a penalty ordinarily is recoverable in a civil action. When the word 'fine' is used in its restrictive sense it does not convey the idea expressed by the word 'penalty'. While a fine is always a penalty, a penalty is not always a fine. The main distinction between the terms, as used in the restricted sense, seems to be based on the fact that a penalty may be incurred by reason of acts or omissions that involve no idea of criminality. Ordinarily a penalty is a sum certain

which goes to the statutory beneficiary, while a fine is discretionary within the limits prescribed and is paid to the state. The terms 'fine' and 'penalty' are, however, often used as synonymous; and the term 'fine' has been held broad enough to include penalties for the violation of law, recoverable in civil actions when such violations are neither made misdemeanors nor felonies. Sometimes the word 'penalty' is used to signify a fine. The true signification of these terms, when used in a statute or constitution, must be ascertained according to the ordinary methods of interpretation."

In the light of these distinguishing characteristics between a penalty and a fine, let us now examine the rules of construction which must guide us in determining whether the parties, in using the word "penalties" in their contract, intended to use it in its broad or generic sense, which might include a fine imposed under the criminal sanctions of the Internal Revenue Code, or whether they intended to give the term its more common and limited meaning, which would include only the penalties provided for the enforcement of the civil sanctions of the code.

In interpreting contracts the words used are to be given their plain and ordinary meaning (Mount Lookout Coal Co. v. Schooley et al., 271 Pa. 539) and that sense of words used in a contract should be adopted which best harmonize with the context: Reilly v. City Deposit Bank and Trust Company, 322 Pa. 577. A contract should be considered in the light of the subject matter and conditions existing at the time of its execution, and so that it comprehends only those things in respect to which it appears the parties propose to contract, and its provisions will not be extended to others apparently not thought of or intended to be included: Satterwhite v. National Powder Company, 362 Pa. 133. Where the language of a contract is sus-

ceptible to two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not be likely to enter into, the interpretation which makes a rational agreement must be preferred: Mowry, Exec., et al. v. McWherter, 365 Pa. 232.

For the purpose of applying these principles to the question at issue, let us examine the relationship of the parties to each other at the time of the contract and the purpose which they sought to accomplish by its execution. The principal objectives of the contract were the dissolution of the partnership theretofore existing between the parties and the determination of the sums which plaintiff should receive from defendants as his share of the partnership assets. In addition to fixing the sums which plaintiff was to receive from defendants, the latter agreed to indemnify plaintiff against the liabilities of the partnership and against any liability: (a) For income taxes, "as well as interest and penalties thereon", to which plaintiff then was or thereafter would be subject in respect to income arising out of the partnership business for all years during which the partnership existed, and (b) for income taxes, "with interest and penalties thereon", from whatever source, for the years 1945, 1946 and 1947.

In the light of the conditions existing at the time of the execution of the contract and the objectives sought to be accomplished by it, it is apparent that the word "penalties", as used in the provision of the contract under consideration, was not used by the parties in its broad or generic sense, but was employed in its more limited and restricted sense and was intended to include only those penalties which might be assessed against plaintiff to enforce the civil sanctions of the Internal Revenue Code. That is to say, when defendants agreed "to pay all income taxes, as well as interest

and *penalties thereon* . . ., including all deficiencies in income taxes, together with interest and *penalties thereon* . . .", they agreed to pay such penalties as might be added to the taxes found to be due. The limiting word "thereon" as used in this sentence restricts the penalties to those which might be assessed or added to the tax.

In the instant case, to interpret the word "penalties" to include the sanctions imposed under the criminal sections of the code would not only be out of harmony with the context of the paragraph under consideration, but it would produce a strained and absurd construction. Thus, as we have heretofore observed, while the penalties which can be added to the tax under the civil sanctions of the code constitute a debt against the taxpayer which can be recovered against him and in respect to which he might well seek indemnity when severing a partnership relation, a fine imposed under the criminal sanctions of the code is not a debt and it is not a sum which is added to the tax and turned over to the Collector of Internal Revenue and, therefore, the instances in which indemnity is sought as to a possible fine under the criminal sanctions of the Internal Revenue Code must be extremely rare. Again it is to be noted that against a possible prison sentence imposed for violation of the criminal sanctions of the code no contract of indemnity could be given.

To sum up, it is our conclusion that the language of the contract, when construed in the light of all the circumstances, must be interpreted so that defendants' agreement to indemnify plaintiff extended only to penalties on income taxes and deficiencies of income taxes.

For the reasons stated herein, defendants' preliminary objections nos. 1 and 2 are sustained, plaintiff's complaint is dismissed, and judgment is hereby entered in favor of defendants and against plaintiff.