Henry Epstein, J.
Petitioner here seeks to compel the respondent Commissioner of Parks to issue a license or permit for petitioner to speak in Union Square in New York City! This court does not feel that the ex parte order issued in Kings County operates to restrain this court in the premises here. At best it is collateral to the instant proceeding. Petitioner rightly seeks access to the court to protect his alleged constitutional rights. But the facts here do not bring petitioner within the scope of Shelley v. Kraemer (334 U. S. 1); Mooney v. Holohan *230 (294 U. S. 103); Hebert v. Louisiana (272 U. S. 312) or Matter of Morhaus v. New York Supreme Ct. (293 N. Y. 131). This court will therefore review the act of respondent in the light of the facts clearly before it. The spoken word can be an “ act ” (Penal Law, § 160, defining “ Criminal anarchy”; Chaplinsky v. New Hampshire, 315 U. S. 568, 572).
It is not within the reasonable scope of the Bill of Bights amendment, here relied upon, to loose self-confessed advocates of violence upon a community at a time and place where it is inevitable that public disorder and riot will result. Petitioner Bockwell, in words recorded and concededly accurate, as well as in signed pamphlets circulated freely by him and his followers, has accused more than two million New York City residents of Jewish faith and another half million or more Negro and Puerto Bican residents of this city of being 'traitors. He has complimented Adolf Hitler as a great Christian crusader and openly advocates Hitlerian actions in this country. Counsel for the Civil Liberties Union has in the opinion of this court misread both the Constitution and the cases. In no single case do we find a parallel to that here presented.
Petitioner here insists upon the ‘ ‘ right ’ ’ to speak in Union Square, a small place in the heart of New York City’s crowded business and residence area, and he demands an unrestricted permit, subject only to police and criminal legal action there and then, to speak his piece. Counsel for petitioner went so far, in answer to this court’s inquiry, to state that a “ madman ” was entitled to the issuance of such a permit and no limitations or conditions can be fixed by the respondent Commissioner on the issuance of such license. This court cannot agree that the constitutional guarantee of free speech encompasses such an invitation to public disorder, violence and even incitement to murder. Petition is dismissed, without costs.