UNITED STATES of America ex rel. Clifford J. GOOD

v.

Alfred T. RUNDLE, Superintendent.

Misc. No. 3599.

United States District Court
E. D. Pennsylvania.

Aug. 1, 1967.

Clifford J. Good, in pro. per.

No appearance for respondent.

### MEMORANDUM

LUONGO, District Judge.

This petition for writ of habeas corpus by a state court prisoner will be denied without hearing.

Relator was convicted on the charge of carrying a concealed deadly weapon,[1] an indictable offense in Pennsylvania. The indictment identified the weapon as a gun, whereas the evidence adduced at relator's trial disclosed the weapon to be a knife. After all the evidence had been presented, the state court, over the objection of relator's counsel, permitted the indictment to be amended to conform to the evidence. In his petition relator contends that the allowance of the amendment violated his rights under the Constitution of Pennsylvania and under the Fourteenth Amendment to the Constitution of the United States.

Relator's argument concerning the alleged violation of the Constitution of Pennsylvania is based upon Article I, Section 10, P.S., which prohibits proceeding by information for an indictable offense. Relator asserts that by amending "gun" to "knife" a totally new offense, not found by the Grand Jury, was charged and, in effect, he was proceeded against by information. That contention was presented [2] to the Pennsylvania appellate courts and was rejected by the Superior Court's Per Curiam affirmance of the conviction and sentence.[3] Allocature was denied by the Pennsylvania Supreme Court.[4]

The interpretation of the Pennsylvania Constitution is a matter for the Pennsylvania courts. No federal question is presented unless the state court's interpretation of its law violates fundamental rights guaranteed by the Constitution of the United States. Paterno v. Lyons, 334 U.S. 314, 318–319, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948); Hebert v. State of Louisiana, 272 U.S. 312, 316, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102 (1924). And see 28 U.S.C. § 2241(c). There is no federally guaran-

1. Commonwealth v. Good, et al, Court of Oyer and Terminer, Philadelphia County, June Sessions 1965, No. 806.

2. A copy of the brief submitted to the Superior Court was attached to the instant petition for writ of habeas corpus.

3. Commonwealth v. Good, 208 Pa.Super. 756, 223 A.2d 137 (1966).

4. Commonwealth v. Good, Per Curiam Opinion, Misc. Docket 15, No. 122A, March 1, 1967.

teed right to be proceeded against by indictment in a state court, Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232 (1884); Paterno v. Lyons, supra, 334 U.S. at 322, 68 S.Ct. 1044 (concurring Opinion), consequently the only question here is whether permitting the amendment of this indictment in the fashion in which it was accomplished violated relator's Fourteenth Amendment right to due process. That, in turn, depends upon whether, under all the circumstances, relator was given reasonable notice of the specific charge. Due process is satisfied if an amendment identifies the charge with sufficient clarity to allow a defendant to prepare his defense. Paterno v. Lyons, supra, at 320, 68 S.Ct. 1044; In Re Oliver, 333 U.S. 257, 273, 68 S.Ct. 499, 92 L.Ed. 682 (1947). The indictment in the instant case clearly gave notice to relator that he was charged with possession of a deadly weapon on a certain date and at a certain place. This was sufficient to enable him to prepare his defense. Due process requires no more.

■ Although the point was not mentioned in his petition, relator complains in his supporting brief that his Fifth Amendment privilege against self-incrimination was violated by the prosecutor's statement in his closing speech to the jury, quoted in relator's brief as follows:

"Now, those are the facts, the facts which stand uncontradicted. No one has given the slightest suggestion here that these people, (Commonwealth witnesses) would fabricate what happened on that night. It is completely clear that what they testified to is what actually did happen." (Portion within parentheses apparently added by relator.)

Relator contends that this was a comment upon his failure to take the stand, in violation of the rule enunciated in Griffin v. State of California, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). See O'Connor v. Ohio, 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189 (1966). The line between fair comment on the evidence, on the one hand, and unfair,

prejudicial and prohibited comment on a defendant's failure to testify, on the other, is not a sharp and clear one, but I am satisfied that the prosecutor's statement here was well within the permissible bounds of comment upon the evidence. There was "neither allusion nor innuendo based on the defendant's decision not to take the stand." United States v. Gainey, 380 U.S. 63, 71, 85 S.Ct. 754, 759, 13 L.Ed.2d 658 (1965).

Petition denied, without hearing.