Wayne **BAKER**, Plaintiff,

v.

**Paul D. McGINNIS, Commissioner of Correction of the State of New York,** Defendant.

**68 Civ. 2946.**

United States District Court
S. D. New York.

July 1, 1968.

OPINION

POLLACK, District Judge.

On June 28, 1968 this Court granted plaintiff's application to proceed in forma pauperis in the filing of his complaint against Leonard Rubenfeld, District Attorney of Westchester County, 68 Civ. 2622. In that action, plaintiff charged that he should have been treated as a narcotics addict under Civil commitment rather than Criminal commitment.

Plaintiff now challenges the jurisdiction of the Parole Board to confine him for parole violations. In support of his complaint, plaintiff asks the Court to interpret certain New York statutes relating to parole. While petitioner does not specifically state what remedy he is seeking, it appears that the complaint is intended as a means of obtaining his release from imprisonment.

Construction of State statutes is a function for State courts, not Federal courts, since the question of legislative intent does not present a Federal constitutional issue. Paterno v. Lyons, 334 U.S. 314, 318–319, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948); Hebert v. State of Louisiana, 272 U.S. 312, 316, 47 S.Ct. 103, 71 L.Ed. 270 (1926); United States ex rel. Good v. Rundle, 271 F.Supp. 948 (E.D.Pa.1967); United States ex rel. Morgan v. Wolfe, 232 F.Supp. 85 (S.D.N.Y.1964). Moreover, this Court has repeatedly held that State prisoners will not be permitted to circumvent the requirements of the Federal habeas corpus statutes by filing complaints under the Civil Rights Act, seeking in effect the same relief as would be available under habeas corpus. See Greene v. State of New York et al., 281 F.Supp. 579, at 581–582 (S.D.N.Y.1967). Plaintiff has not even attempted to show that he has even tried to correct any alleged wrongs in the State courts.

Accordingly, the Court is satisfied that this action is frivolous and forma pauperis is therefore denied. 28 U.S.C. § 1915(d).

So ordered.