**STANDARD BANK & TRUST COMPANY, not individually but as Trustee under Trust Agreement dated July 25, 1974, and known as Trust No. 4098; and Hartz Construction Company, an Illinois corporation, Plaintiffs,**

v.

**VILLAGE OF ORLAND HILLS, an Illinois municipal corporation; Kyle Hastings, individually and as President of the Village of Orland Hills; Chris Andrews, Don Bigos, John Corich, Michael Puckett, Fran Aldous, and Steven Chairito, individually and as Trustees of the Village of Orland Hills; Velga Drillis–Elzis, individually; John Daly, as Administrator of the Village of Orland Hills; Bradley E. Brink, individually; and Earl Hermansen, individually and as Building Commissioner of the Village of Orland Hills, Defendants.**

No. 94 C 7582.

United States District Court, N.D. Illinois, Eastern Division.

June 14, 1995.

Jack M. Siegel, Altheimer & Gray, Chicago, IL, for Standard Bank & Trust Co.

Jack M. Siegel, Altheimer & Gray, Chicago, IL, William K. Bass, Jon Jeffrey Patton, Phelan, Cahill, Devine & Quinlan, LTD., Chicago, IL, for Harte Const. Co.

David Lincoln Ader, Ancel, Glink, Diamond, Cope & Bush, Chicago, IL, Mathias William Delort, Keri–Lyn Joy Krafthefer, Michael Ray Gibson, Mark H. Sterk, Odelson & Sterk, Ltd., Evergreen Park, IL, for defendants.

Jeffrey T. Kubes, David M. Jenkins, Hinshaw & Culbertson, Chicago, IL, David Lincoln Ader, Ancel, Glink, Diamond, Cope & Bush, Chicago, IL, for Bradley E. Brink.

Richard T. Wimmer, Dennis G. Walsh, James Vincent Ferolo, Michael T. Jurusik, Klein, Thorpe & Jenkins, Ltd., Chicago, IL,

David Lincoln Ader, Ancel, Glink, Diamond, Cope & Bush, Chicago, IL, Mathias William Delort, Keri–Lyn Joy Krafthefer, Michael Ray Gibson, Mark H. Sterk, Odelson & Sterk, Ltd., Evergreen Park, IL, for Earl Hermansen.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court are Defendant Bradley E. Brink's motion to dismiss for failure to state a claim upon which relief can be granted and the motion of the remaining Defendants for an abstention stay. For the following reasons, the former motion is granted. The court will reserve ruling on the latter motion.

### I. BACKGROUND [1]

This action is brought by the legal and beneficial owners of certain real estate located in the Defendant Village of Orland Hills, Standard Bank & Trust Company, and by Hartz Construction Company, the principal builder and developer in Orland Hills. The Complaint contains six counts. Count I is brought pursuant to 42 U.S.C. § 1983 and contains allegations that the Defendants, the City of Orland Hills and various city officials, deprived Plaintiffs of property rights without due process of law, and denied Plaintiffs equal protection of the laws. Count II alleges that the Defendants intentionally interfered with Plaintiffs' rights to construct and sell single family attached and detached homes in the Orland Hills. Count III contains allegations that Defendants intentionally interfered with Plaintiffs' contract with Orland Hills and similarly interfered with the Plaintiffs' business expectations that a prior Settlement Agreement would be carried out in accordance with its terms. Plaintiffs allege in Count IV that the Defendants named in their individual capacity conspired to "destroy the plaintiffs' business in the Village of Orland Hills by continual harassment, delays and unlawful acts intended to, and resulting in preventing them from constructing and selling homes." (Count IV, ¶ 1.) Plaintiffs claim in Count V that Defendants, especially Hermansen and Hastings, made defamatory statements that Hartz built substandard and unsafe homes in Orland Hills and deliberately failed to meet building codes. The final count, Count VI, involves allegations that Defendants breached a valid and enforceable contract, the Settlement Agreement. All counts with the exception of Count I, are state supplemental claims.

The aforementioned Settlement Agreement was entered into by Hartz, a predecessor entity of Standard Bank, and Orland Hills. The Settlement Agreement resolved a previous action brought by Plaintiffs against Orland Hills in a related case in the Circuit Court of Cook County, Illinois. In the state case, Plaintiffs sought injunctive relief and damages against Orland Hills and the named Defendants with regard to the village's refusal to issue to lift stop work orders and building permits with regard to the Ridgegate subdivision to be constructed and developed by Hartz. The Settlement Agreement addressed development issues relating to the Ridgegate project which related to the prior state cause of action, and also incorporated planned unit agreements for two additional projects, Pepperwood and Timberline. Subsequent to the resolution of the state law case, Orland Hills enacted Ordinance No. 93–16 which adopted the planned unit developments for the Timberline and Pepperwood subdivisions projects. In turn, Hartz secured zoning approval for both projects.

In July 1993, Hartz applied for building permits for the construction of single family homes in the Pepperwood and Timberline projects. Orland Hills, through its President and Board of Trustees, approved the preliminary engineering plans for the Pepperwood subdivision, but neither approved nor denied the plans for Timberline.

According to the Complaint, Bradley E. Brink ("Brink") was the "duly authorized engineering consultant" to Orland Hills. Orland Hills retained Brink on August 5, 1993. The following day, Orland Hills issued a stop work order to Hartz relating to a project called Timberline. On December 28, 1993,

---

1. The following Background is based upon Plaintiff's original Complaint filed on November 21, 1994.

Hartz submitted final engineering plans for the Pepperwood project. On May 6, 1994, Brink made a partial review of the plans, and then issued a report to Orland Hills requesting additional information and questioning certain aspects of the plan. Brink did not approve nor deny the plans. On August 26, 1994, Hartz submitted revised final engineering plans to Orland Hills for further review. On October 7, 1994, Brink completed a second partial review of the engineering plans and issued another report, again asking for additional information and questioning certain aspects of the plans. However, according to the Complaint, Brink failed and refused to review all necessary items and aspects of the plans and did not issue a definitive list of required changes to the building plans.

## II. DISCUSSION

In deciding a motion to dismiss, the court accepts all well-pleaded factual allegations as true, as well as the reasonable inferences that may be drawn from those allegations. *Mid America Title Co. v. Kirk,* 991 F.2d 417, 419 (7th Cir.1993). The complaint need not specify the correct legal theory nor point to the correct statute. *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992). Because federal courts simply require "notice pleading," this court must construe pleadings liberally. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* — U.S. —, —, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). In construing reasonable inferences, however, the court need not stretch allegations beyond their sensible and reasonable implications. *Chan v. City of Chicago,* 777 F.Supp. 1437, 1440 (N.D.Ill.1991).

### A. COUNT I—CIVIL RIGHTS

■ Plaintiffs allege a claim for violation of civil rights against Defendant Brink under 42 U.S.C. § 1983. Plaintiffs allege that Brink, Orland Hills, and other named village officials, acted in an arbitrary and capricious

manner by denying them the right to develop the Pepperwood and Timberline projects without sufficient substantive and procedural due process and further denied them of the equal protection of the laws. Brink contends that the allegations in Count I fail to state a claim under 42 U.S.C. § 1983. The court agrees.

#### 1. Substantive Due Process

The law is clear:

Federal courts are not boards of zoning appeals. This message, oft-repeated, has not penetrated the consciousness of property owners who believe that federal judges are more hospitable to their claims than are state judges. Why they should believe this we haven't a clue; none has ever prevailed in this circuit, but state courts often afford relief on facts that do not support a federal claim. Is it that they have omitted the steps necessary to obtain review in state court and hope for the best in a second-chance forum? Well, we are not cooperating. Litigants who neglect or disdain their state remedies are out of court, period.

*River Park, Inc. v. City of Highland Park,* 23 F.3d 164, 165 (7th Cir.1994).

To properly plead a substantive due process claim, plaintiffs must first allege a separate constitutional violation or the inadequacy of state law remedies. *Polenz v. Parrott,* 883 F.2d 551, 558–59 (7th Cir.1989). In addition, plaintiffs must allege that the defendants acted in an "invidious or irrational" manner. *Coniston v. Village of Hoffman Estates,* 844 F.2d 461, 467 (7th Cir.1988). In the case *sub judice,* plaintiffs fail to allege that state law remedies are inadequate. Plaintiffs also fail to allege a constitutional violation separate than the fourteenth amendment.[2] These failures demand dismissal. Yet, even if plaintiffs met one of the above alternative elements, the plaintiffs did not sufficiently allege that Defendants acted either invidiously or irrationally.

---

2. The court takes note that in a footnote in its Response to Brink's Motion to Dismiss, Hartz does assert that its allegations could support a claim under the Contracts Clause of the Constitution, specifically Art. I, Section 10, cl. 1. However, the court disregards this argument. "[A]rguments raised in passing in a footnote are waived." *United States Dept. of Navy v. Federal Labor Relations Auth.,* 975 F.2d 348, 352 n. 1 (7th Cir.1992).

In determining whether the Defendants' actions amount to invidious or irrational conduct, the court notes that "much governmental action is protectionist or anticompetitive; and nothing is more common in zoning disputes than selfish opposition to zoning changes. The Constitution does not forbid government to yield to such opposition; it does not outlaw the characteristic operations of democratic (perhaps of any) government, operations which are permeated by pressure from special interest." *Coniston* 844 F.2d at 467. As in *Coniston*, plaintiffs in the instant case argue that Orland Hills had no authority under state ordinances and the Settlement Agreement of the state case to reject the building plans. Plaintiffs also allege that Brink and the other named Defendants delayed proceedings, "deliberately or negligently lost or mislaid" plans and other documents, and created procedures deliberately designed to impede approval of Hartz's final engineering plans. Thus, according to the plaintiffs, this "irrational" behavior unconstitutionally deprived them of their property, even assuming there were no procedural irregularities.

 This argument is unpersuasive and, in itself, irrational. Delaying tactics may be violations of state or local zoning rules, yet are not tantamount to a constitutional violation. *River Park*, 23 F.3d at 166. As Chief Judge Posner wrote:

> [I]f the plaintiffs can get us to review the merits of the [village's] decision under state law, we cannot imagine what zoning dispute could not be shoehorned into federal court in this way, there to displace or postpone consideration of some worthier object of federal judicial solicitude. Something more is necessary than dissatisfaction with the rejection of a site plan to turn a zoning case into a federal case; and it should go without saying that the something more cannot be merely a violation of state (or local) law. A violation of state law is not a denial of due process of law.

*Id.* (citing *Hebert v. Louisiana*, 272 U.S. 312, 316, 47 S.Ct. 103, 104, 71 L.Ed. 270 (1926)). Simply put, unless the zoning decision was based on considerations that violate specific constitutional guaranties, such as on race or color, the decision can be said to deny substantive due process only if it is irrational. *Id.* However, there is nothing in the Complaint to support the mere allegation that the plaintiffs acted arbitrarily, capriciously, invidiously or irrationally.

Much like *Coniston*, the instant case "presents a garden-variety zoning dispute dressed up in the trappings of constitutional law—a sure sign of masquerading being that the plaintiffs' do not challenge the constitutionality of the zoning ordinances ... but argue that the [defendants] had no authority under those ordinances to reject their [building] plan[s]...." *Coniston*, 844 F.2d at 467. Plaintiffs argue that this case is distinguishable from *Coniston* and *River Park* since Orland Hills had "previously granted Hartz the approved zoning before the [alleged] constitutional violation occurred." However, this circuit has already rejected and disposed of this argument in *Hartland Sportsman's Club v. Town of Delafield*, 35 F.3d 1198, 1202–03 (7th Cir.1994). Much like *Hartland*, "we are confronted with the [defendants'] decision to deprive [plaintiffs] of a[n already] vested right to use its property in a particular manner." *Id.* at 1202. "We, however, have limited substantive due process challenges to government land-related decisions in this context as well." *Id.* Defendants may have acted unprofessionally and even contrary to state and local laws and ordinances, but no constitutional infringement has been properly pleaded.

### 2. Procedural Due Process

 "No [s]tate [may] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. It is clear that plaintiffs had a vested right in the "property" referred to as the Pepperwood and Timberline subdivision projects. Therefore, the plaintiffs are entitled to due process of law. However, the question of what procedures are "due" the plaintiffs is a much more complicated matter.

 "We know ... that the procedures 'due' in zoning cases are minimal." *River Park*, 23 F.3d at 166. "[S]o far as the Constitution is concerned, state and local governments are not required to respect property

owners' rights, and there is therefore no obligation to provide hearings to ascertain a protected core. State and local governments may ... even take property; they must pay for what they take but are free to use the land as they please." *Id.* at 167. Municipalities may make zoning decisions by utilizing the political process—"making a political decision in a political fashion," even "employing procedural maneuvers" that prevent the question from ever being resolved by the local government. *Id.* Even if a local government or municipal official violates state or local law, the Constitution is not necessarily "called into play." *Olim v. Wakinekona,* 461 U.S. 238, 248–51, 103 S.Ct. 1741, 1747–48, 75 L.Ed.2d 813 (1983); *Archie v. Racine,* 847 F.2d 1211, 1215–18 (7th Cir.1988) (en banc). "Failure to implement state law violates that state law, not the Constitution; the remedy lies in state court." *River Park,* 23 F.3d at 166–67. In fact, the due process clause does not permit federal courts to enforce state laws and regulations. *Mid–American Waste Sys., Inc. v. City of Gary,* 49 F.3d 286 (7th Cir.1995).

Plaintiffs allege that Defendants failed to conduct a full review of all items and aspects of the building plans as submitted. Plaintiffs also allege that Brink, Orland Hills and its officials failed to include a definitive list of required changes in order for the building plans to be approved. In effect, Plaintiffs thus argue that the Defendants failed to give a statement of reasons in support of its decision not to approve the plans as they then existed. These failures, according to the plaintiffs, amount to a procedural due process violation.

■ However, a village's decisions to approve or disapprove building plans and permits are legislative rather than adjudicative in nature. *Id.* at 468. "The Constitution does not require legislatures to use adjudicative-type procedures, to give reasons for their enactments, or to act 'reasonably' in the sense in which courts are required to do; as already noted, legislatures can base their actions on considerations—such as the desire of a special-interest group for redistributive legislation in its favor—that would be thought improper in judicial decision-mak-

ing." *Id.* The defendants were not required to submit their findings and conclusions in memorandum form. While judicial considerations must include "a wide-open search for the result that is just in light of all possible considerations of distributive and corrective justice," the named defendants were free to take into consideration ethical and political issues when deciding whether the accept the proposed business plans. Of course, the defendants denied the request; yet, since a state court remedy exists, the zoning decision does not violate the due process clause of the Constitution. *Id.* at 165. Plaintiffs had the opportunity to seek review in an Illinois court under Illinois common law, yet chose to pursue a Constitutional claim. This choice is fatal in federal court.

*3. Equal Protection*

■ Plaintiffs include an allegation that Defendants violated their right to the equal protection of laws because Orland Hills and the named Defendants "selectively enforced provisions of the building code which had never been enforced by the Village for other developers or builders within the Village." This mere allegation is insufficient to properly plead an equal protection claim. "To assert an equal protection claim, a plaintiff must allege intentional discrimination based on membership in a particular group." *Magulski v. County of Racine,* 879 F.Supp. 83, 85 (N.D.Ill.1995) (citing *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir.1995)). "[D]iscriminatory treatment requires differential treatment of similarly situated individuals." *Connor v. Foster,* 833 F.Supp. 727, 732 (N.D.Ill.1993). Plaintiffs do not allege intentional discrimination; instead, Plaintiffs complain that Orland Hills is enforcing laws which have never in the past been enforced against other developers or builders within the village. The Complaint makes no mention that these ordinances are only being enforced against plaintiffs at this time. Rather, the allegations state that Orland Hills has now begun to enforce its ordinances, and plaintiffs are the first against which these provisions of the building code are enforced. This court refuses to interfere with the local municipality's decision to enforce ordinances that it has lawfully con-

structed and have the power to enforce. "The plaintiffs in this action have failed to allege intentional discrimination based on membership in a particular class, and therefore, have failed to establish a prima facie equal protection violation." *Id.*

### B. EXISTING SUPPLEMENTAL STATE CLAIMS

 Plaintiffs include five supplemental state claims based on Illinois common law in the instant Complaint. Subject matter jurisdiction over these supplemental claims is dependent upon the discretion of the court. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Since plaintiffs' single federal civil rights claim is dismissed, the court refuses to exercise supplemental jurisdiction over Counts II through IV as requested by Brink. 28 U.S.C. § 1367(c)(3). The court, *sua sponte,* elects not to retain jurisdiction over the remaining counts, Counts V and VI. Accordingly, all supplemental state law claims are dismissed without prejudice.

### III. CONCLUSION

As in *River Park,* the plaintiffs insist that the Orland Hills Ordinance No. 93–16 and the state Settlement Agreement requires Orland Hills to approve the building plans. Accepting these allegations as true, state litigation surely can protect plaintiff's rights. "Instead of asking for relief from the state courts, [plaintiffs] went along with the political process until it was too late. [They] lost the political fight. Federal litigation is not a repechage round for losers of earlier contests, or for those who overslept and missed the starters' gun." *River Park,* 23 F.3d at 167. Both *Coniston* and *River Park* stand for the proposition that the correct remedies in a zoning dispute exist in the state courts. Accordingly, the court dismisses Count I against Brink. Further, the court chooses not to retain jurisdiction over the state law claims and, with regard to Brink, dismisses Counts II through IV without prejudice. The court, *sua sponte,* further dismisses Counts V and VI against Brink. This is not to say that no wrong occurred. Simply, if one did, the proper forum is in state court and the proper remedy exists under Illinois law.

The motion to dismiss is brought only by Defendant Brink. Other Defendants similarly situated have failed to join in or adopt Brink's motion. The court will exercise restraint and consider additional motions when and if filed. Accordingly, the court will reserve ruling on the remaining Defendants' motion for abstention.

IT IS SO ORDERED.