**BACOM v. SULLIVAN, Sheriff.**

No. 13052.

United States Court of Appeals
Fifth Circuit.

April 8, 1950.

Rehearing Denied May 10, 1950.

Robert H. Givens, Jr., Miami, Fla., for appellant.

Robert R. Taylor, Jr., County Solicitor, Dade County, Miami, Fla., Reeves Bowen, Assistant Attorney General, of Florida, Richard W. Ervin, Attorney General, of Florida, for appellee.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

By this appeal appellant assigns error upon the order of the District Judge discharging his application for the writ of habeas corpus and remanding him to the custody of the Sheriff of Dade County, Florida. His petition asserts that he has been by the decisions of the Florida Courts subjected to double jeopardy and punished twice for offenses which were legally one and the same, and that thereby he was deprived of his liberty without due process of law contrary to the Fourteenth Amendment. His contentions of double jeopardy, presented once by a motion to quash, and again by an appeal from conviction, have been twice overruled by the Florida Supreme Court, State v. Bacom, 30 So.2d 744, 172 A.L.R. 1050; Bacom v. State, 39 So.2d 794. Application to the Supreme Court of the United States for the writ of certiorari was made to obtain review of the last decision, but was denied. In the present petition for the writ of habeas corpus, Bacom asserts the appeal to the Supreme Court from his conviction and the denial of the Supreme Court of his application for the writ of certiorari as his exhaustion "of all remedies available to him in the Courts of the State of Florida and the only remedy available to obtain a review of the judgment of affirmance of the Supreme Court of Florida." The petition contains not even an intimation, and indeed the question is not discussed by either appellant or appellee, that he has proceeded in the State Court by an application for the writ of habeas corpus there, a remedy which is available to present the question now urged in the Federal Court. By the plain terms of Section 2254 of New Title 28 U.S.C.A., it is required that "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." The remedy of habeas corpus is available in the State Court, but it has not been employed. One of the main purposes of the restrictive provisions of the second paragraph of the section was to prevent resort to the Federal Court by persons attacking State sentences until all available State procedure has been exhausted. In such a procedure in the State Court the confined person can present any question of deprivation of Federal right which he now seeks to assert in the Federal Court in the first instance. Section 2254 requires that this be done before resort is had to the Federal Court. The District Judge, after a hearing, discharged the writ without giving reasons for his judgment. His order may have been predicated upon consideration of Section 2254, but it was not so stated. However, the provisions of the statute forbade the granting of the writ under the circumstances here, or any adjudication upon the merits of the sentence imposed by the State Court. Consequently, whatever reason impelled the judgment, the result is nevertheless correct, and the only legally permissible one because there had not been an exhaustion of State remedies. For this reason the judgment is

Affirmed.