**UNITED STATES ex rel. GAWRON**
**v.**
**RAGEN, Warden.**
**No. 11078.**

United States Court of Appeals
Seventh Circuit.
April 15, 1954.

John Dwight Evans, Jr., Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., William C. Wines, Asst. Atty. Gen., Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before MAJOR, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

PER CURIAM.

Petitioner, on October 22, 1934, was convicted in the Criminal Court of Cook County of the crime of burglary and sentenced to the Illinois State Penitentiary for a term of from one year to life. On June 23, 1953, he filed in the District Court for the Northern District of Illinois a petition for writ of habeas corpus, in which it was alleged that his conviction was obtained in the state court in violation of rights guaranteed him by the Fourteenth Amendment of the Constitution of the United States in that he was not accorded a fair trial. The gist of his petition is that the public defender of Cook County assigned to his defense was incompetent in that he did not adequately prepare his case for trial and particularly that he refused to subpoena certain witnesses suggested by petitioner. The matter came on for hearing before Judge John P. Barnes who, on November 10, 1953, dismissed the petition with the statement, "The Court further finds that from an examination of the record and petition and the respondent's motion to dismiss, the State Court having adequately examined the issues and having resolved them against petitioner, that the charge of incompetency of counsel is not sustained and the Court need not reexamine the question thus adjudicated." From this order of dismissal the appeal comes to this court.

Mr. John Dwight Evans, Jr., a practicing attorney of this jurisdiction, was appointed to represent petitioner in this court and has ably done so, both by written brief and in oral argument. The court is appreciative of the splendid services thus rendered.

██ Notwithstanding counsel's able and exhaustive presentation, we are satisfied that the order in question must be affirmed for the reason stated by the district judge. There is no occasion to make a detailed statement of the numerous proceedings initiated by petitioner in the state courts in attacking the judgment of conviction because it is sufficient to note that no question is raised and we think there could be none but that he has completely exhausted his state court remedies. Even so, however, it does not follow that he is entitled to an award of habeas corpus in a federal court.

It is important to note that petitioner, in the same court in which the judgment of conviction was obtained, sought review pursuant to the provisions of the Post-Conviction Hearing Act of Illinois, Ch. 38, §§ 826–832, Ill.Rev.Stats.1949. A hearing was held upon his post-conviction petition and an order entered May 13, 1952, dismissing the petition and thereby denying the relief sought. In connection therewith, an opinion was delivered by the hearing judge. Petitioner sought writ of error to the Illinois Supreme Court which, on November 24, 1952, filed a memorandum opinion in which the precise questions sought to be raised in the instant proceeding were discussed and decided adversely to petitioner. Thereupon, that court affirmed the judgment of the Criminal Court of Cook County. The Supreme Court of the United States denied petitioner's application for writ of certiorari, 345 U.S. 912, 73 S.Ct. 653, 97 L. Ed. 1347.

Petitioner in the instant proceeding sought to obtain in the district court a hearing upon precisely the same issues

which had been raised and decided adversely to him by the Criminal Court of Cook County, the decision of which was affirmed by the Illinois Supreme Court. As indicated in the statement by Judge Barnes, the record of the state court proceeding was before him.

■ We think the pronouncement of the court in Brown v. Allen, 344 U.S. 443, 465, 73 S.Ct. 397, 411, 437, 97 L. Ed. 469, conclusively demonstrates that the district court was justified in its refusal to award the writ of habeas corpus. In that case the court stated: "As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies."

■ Petitioner attempts to avoid this definite pronouncement on the basis that an unusual and extraordinary situation is presented because of the fact that in the state court post-conviction proceeding the court was without the benefit of a record of the testimony taken at the trial which resulted in his conviction. This was occasioned, so it was asserted, because of the death of the reporter who took the testimony, with no one able to transcribe his notes. Assuming that such record would have been of benefit to petitioner, there is no reason to think, in fact it is not claimed, that such a record would be available in the federal court. More than that, petitioner in the state court had the opportunity to prove everything which he now claims he could prove if granted a hearing in the district court.

The order appealed from is

Affirmed.