**UNITED STATES ex rel. O'CONNELL**

v.

**RAGEN, Warden.**

No. 11063.

United States Court of Appeals
Seventh Circuit.

April 23, 1954.

Rehearing Denied May 18, 1954.

William K. Bachelder, Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., William C. Wines, Asst. Atty. Gen., Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before DUFFY, SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

Relator (hereinafter called petitioner), an inmate of the Illinois State Penitentiary, petitioned the district court for a writ of habeas corpus, charging that he had been convicted of a crime in an Illinois State Court by the use of perjured testimony knowingly used by the prosecution. On motion of respondent the court dismissed the petition.

Petitioner was convicted in 1934 after a jury trial in the Criminal Court of Cook County, on the charge of armed robbery of a tavern. As he had a previous felony conviction, he was sentenced to life imprisonment, which term was later commuted to 48 years. In 1952 petitioner initiated proceedings in the Criminal Court of Cook County, under the Illinois Post Conviction Hearing Act, Ill.Rev. Stats.1951, Ch. 38, Par. 826–832. After a hearing relief was denied. This action was affirmed by the Illinois Supreme Court, in its order entered November 21, 1952, certiorari denied 344 U.S. 930, 73 S.Ct. 501, 97 L.Ed. 716.

At the trial of the charge of armed robbery, petitioner was identified as one of the two robbers by a patron of the tavern and also by the wife of the tavernkeeper. Petitioner asserted, by way of alibi, that on the night in question he was at home throughout the evening playing cards with his father, two brothers, and a cousin, John O'Connell. At the trial these persons all testified to the same effect, claiming that they remembered the date because it was petitioner's birthday. After John O'Connell had testified, a recess was called at which time John O'Connell was taken to the office of the State's Attorney under circumstances

which are the basis for petitioner's claim of conviction by perjured testimony. The Illinois Supreme Court described the incident in its order of November 21, 1952 as follows: "In his (petitioner's) post conviction petition he charged that a defense witness who had testified that he was with defendant on the date of the crime had been induced by the State to change his testimony. Liberally construed this might be considered as a charge of knowing use of perjured testimony. Numerous other charges were made, none of which raised constitutional questions and the post conviction hearing below was directed almost entirely to the above charge. At the post conviction hearing, this witness testified that as he left the stand at the original trial he was 'grabbed' by two men, and taken to the State's Attorney's office where he was told that he could be sent to jail for perjury and that when he was next placed on the stand, he should simply say, 'I don't remember what day I was with defendant.' He was placed on the stand by the State for further cross-examination and testified that he didn't remember the exact date. He further testified that he did remember, but that he so testified from fear. * * * "

At the post conviction hearing the State of Illinois presented petitioner's petition for parole which was executed in 1950, and which, among other things, stated, "As I prepare this petition for consideration I am confronted with the knowledge that fifteen years ago I fought vigorously for my freedom even though I was guilty of the crime." The district court referred to this statement as follows: "That was very properly received, not upon the question of his guilt or innocence but upon the question as to whether or not there was any perjury on the trial for armed robbery. * * * if the relator was guilty, as he said he was, then, of course, his cousin did not perjure himself when he came back to the stand."

Petitioner's counsel argues that the district court should not have given any consideration to the petition for parole because it was not a confession of guilt.

Counsel says that it was well known at the prison that an inmate's only chance for obtaining a parole was to show proper (in the eyes of prison authorities) contrition; that to continue to assert innocence of the crime would have resulted in a denial of petitioner's petition for parole. Counsel insists that the statement, made after fifteen years of confinement, was induced by a promise of benefit, and therefore is untrustworthy, citing People v. Campbell, 359 Ill. 286, 194 N.E. 533; 3 Wigmore, Evidence, 3d Ed., 1940, §§ 833, 834–836.

■ It is a well established principle of law that if a State obtains the conviction of a defendant through the use of testimony known by the prosecuting officers to have been perjured, the judgment of conviction should be set aside as a violation of due process. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Hysler v. State of Florida, 315 U.S. 411, 62 S.Ct. 688, 86 L.Ed. 932; Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214. It is also true, as asserted by petitioner's counsel, that even if a petitioner is guilty of the crime charged, he is nevertheless entitled to the protection of due process of law. Rochin v. People of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183.

■ However, where the merits of the claims of a petitioner for habeas corpus in a federal district court have been presented to and have been passed upon by the State courts, including the highest court in the State, and the United States Supreme Court has denied certiorari, a federal district court may decline to grant a writ of habeas corpus without holding a second hearing. Brown v. Allen, 344 U.S. 443, 464–465, 73 S.Ct. 397, 437, 97 L.Ed. 469. In proceedings under the Illinois Post Conviction Remedies Act, the petitioner herein presented the claim that his conviction had been obtained by testimony known to the prosecuting officers to have been perjured, and the court denied relief. On appeal the Illinois Supreme Court carefully considered this claim and again relief was de-

nied. As hereinbefore stated, the United States Supreme Court denied certiorari.

In White v. Ragen, 324 U.S. 760, 764–765, 65 S.Ct. 978, 981, 89 L.Ed. 1348, the court said, "If this court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a federal District Court will not usually reexamine on habeas corpus the questions thus adjudicated."

The latest word from the Supreme Court is in Brown v. Allen, supra. The court there said, 344 U.S. 443, at pages 457–458, 73 S.Ct. at page 407, 97 L.Ed. 469, "The fact that no weight is to be given by the Federal District Court to our denial of certiorari should not be taken as an indication that similar treatment is to be accorded to the orders of the state courts. * * * Furthermore, where there is material conflict of fact in the transcripts of evidence as to deprivation of constitutional rights, the District Court may properly depend upon the state's resolution of the issue." The court in that opinion further stated, 344 U.S. at pages 464–465, 73 S.Ct. at page 411, "Although they have the power, it is not necessary for federal courts to hold hearings on the merits, facts or law a second time when satisfied that federal constitutional rights have been protected. * * * As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies."

In the case at bar the district court had in mind the pronouncement above quoted in Brown v. Allen, supra, referring to that case in its opinion. We hold, therefore, that the district court was correct in granting the motion to dismiss the petition for a writ of habeas corpus.

This court appointed William K. Bachelder, Esq., a member of the Chicago bar,  to represent the petitioner upon this appeal. We have been favored with ably prepared briefs, as well as a well presented oral argument. We thank Mr. Bachelder for his very fine services.

Affirmed.