**Devandlis WIGGINS, Petitioner,**

v.

**Joseph E. RAGEN, Warden, Illinois State Penitentiary, Respondent.**

**No. 11733.**

United States Court of Appeals Seventh Circuit.

Oct. 25, 1956.

Rehearing Denied Nov. 29, 1956.

Edward R. Lev, Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., William C. Wines, Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

On March 27, 1951, petitioner and one Tye, having pleaded guilty to an indictment charging armed robbery, returned in early January, 1951, were sentenced by the state court to serve terms in the Illinois penitentiary, where petitioner is now confined. In 1954 the prisoner filed in the court of conviction a petition under the post-conviction law of Illinois, S.H.A.Ill. Chap. 38, § 826 et seq., which was denied, December 22, 1954. Upon writ of error to the Supreme Court of Illinois, this order was affirmed. Petition for certiorari was denied by the Supreme Court on January 10, 1956. 350 U.S. 940, 76 S.Ct. 314. Thereupon petitioner filed in the district court of the United States, his petition for a writ of habeas corpus, which that court, without a hearing, held insufficient and denied. We granted a certificate of probable cause and appointed counsel to represent petitioner, in view of the established fact that he is without funds.

Upon appeal, petitioner urges that upon the common law record of the original proceedings wherein he was convicted, he was entitled to be represented by "adequate" counsel; that he was not so represented; that counsel appointed by the trial court, the public defender, was "hostile, belligerent and unprepared"; that the court unreasonably refused defendant's application for a continuance for the purpose of permitting him to obtain counsel of his own choice; that, in spite of his plea of guilty, the proceeding was of such character as to deprive him of his rights under the Fourteenth Amendment and was, therefore, void.

From the foregoing, then, it is clear that petitioner has exhausted his state remedies and that, consequently, the district court had jurisdiction to entertain and dispose of his petition for the writ. Hence the essential question confronting us is whether, having jurisdiction, the district court erred in holding that on its face the petition was insufficient, i. e., failed to include averments of fact necessary to make a prima facie case or to require a hearing thereon.

Title 28 U.S.C. § 2243 provides that upon petition the writ or a show cause order should issue "unless it appears from the application that the applicant * * * is not entitled thereto." Under this statute, the facts well pleaded must be accepted at their face value and, if they are prima facie sufficient, the cause must be heard and determined upon evidence submitted. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; United States ex rel. Darcy v. Handy, 3 Cir., 203 F.2d 407, 413. As said in the last cited case, even if the " 'allegations are improbable and unbelievable' ", the applicant "cannot be deprived of the opportunity to support them by evidence".

The petition avers that the applicant was arraigned in the criminal proceeding on March 5, 1951, at which time he applied for a continuance for 60 days in order to obtain counsel of his own choice; that the court denied the motion, and set the trial for March 27; that on the latter date he was forced to trial and "induced into entering a plea of guilty by grossly incompetent counsel and a hostile trial court in spite of the fact that" he again "requested time to obtain counsel of his own choice" to represent him in a "trial without a jury"; that upon denying this second application for a continuance, the court directed Mr. John Branion, of the public defender's office, to represent him; that the attorney was not prepared for trial and did not take any steps to interview petitioner or prepare a defense; that Branion informed the court that the defendant did not want him (Branion) to represent him; that Branion did not want to represent him and did "not want even

to see" defendant again; that the trial judge informed Branion he must represent defendant and that the trial must proceed forthwith; that, after all this had occurred, defendant, without representation, withdrew his plea of not guilty and entered one of guilty; that, as a result of the denial of the motions for continuance and his inability to have ample opportunity to obtain counsel of his own choice, he could not prepare a defense or make further protest.

Petitioner attached to his application a transcript of the original proceeding, from which it appears, without contradiction, that when the cause was called for trial, Mr. Branion advised the trial judge that he had gone to see defendant in jail the day before; that defendant reported that he had a lawyer, one Clayton, who "couldn't get in" and that he could not get out of jail to perfect arrangements for counsel; that Branion asked him about his "girl friend"; that defendant then "got angry", and the conversation ended; that as far as he, Branion, was concerned he didn't "want to represent" defendant, who "talked like a maniac", or "even to see him." Thereupon the judge advised Branion that the latter must represent defendant and told defendant that he, the judge, had given him time to get a lawyer; that in view of defendant's failure to obtain counsel, the court had appointed the public defender, and that the trial had to proceed forthwith; that defendant was entitled to a jury trial and that the state would have to prove him guilty beyond all reasonable doubt. Thereupon defendant pleaded guilty. Under the averments and the common law record it is clear that defendant was not represented by counsel of his own choice; that the public defender rendered him no representation whatsoever, but was acutely hostile to him. Was this deprivation of defendant's constitutional rights under the Fourteenth Amendment?

"The concept of due process incorporated in the Fourteenth Amendment" does not require the several states to furnish counsel to an indigent defendant in every case. Betts v. Brady, 316 U.S. 455, at pages 471 and 473, 62 S.Ct. 1252, 1261, 86 L.Ed. 1595. If the offense charged is a capital crime the trial court is required to appoint competent counsel, Bute v. People of State of Illinois, 333 U.S. 640, at page 677, 68 S.Ct. 763, at page 782, 92 L.Ed. 986, but, as the court said, "In a noncapital state felony case, this Court has recognized the constitutional right of the accused to the assistance of counsel for his defense when there are special circumstances showing that, otherwise, the defendant would not enjoy that fair notice and adequate hearing which constitute the foundation of due process of law in the trial of any criminal charge." From these decisions we think it clear that in state noncapital convictions, there is no fundamental right to counsel, except where the special circumstances are such that without counsel defendant cannot enjoy a fair, adequate hearing. If such special circumstances lie in the averments of the petition and its exhibits, at least in prima facie sufficiency, the court should not have dismissed the petition without a hearing.

It is our considered opinion that the recitals in the petition and its exhibits present averments of fact, prima facie, requiring a hearing to determine whether special circumstances existed, within the meaning of the Supreme Court's announcements. Prima facie they aver indigence, applications for continuance to obtain counsel of defendant's own choice; their denial; the appointment of hostile, even belligerent counsel, who rendered no service; an unaided, uneducated prisoner, in jail, seeking counsel of his own choice; denials of his further attempts to secure counsel of his own choice, and, finally, a despairing plea of guilty. It appears further that petitioner is a negro laborer, 41 years of age, of no education. We summarize these recitals not as established facts, but as averments making a prima facie case of merit, requiring affirmative action by the trial court,—and sufficient, on their

face at least, to require the district court to hold a hearing and determine their truth or falsity.

Nor can we say that without such a hearing the defendant by his plea of guilty waived his alleged rights. Concerning such implication of waiver from such a plea, the Supreme Court said in Rice v. Olson, 324 U.S. 786, at pages 788 and 789, 65 S.Ct. 989, at page 990, 89 L.Ed. 1367: "The state Supreme Court resolved this disputed fact by drawing a conclusive implication from the petitioner's plea of guilty. This is the equivalent of a holding that one who voluntarily pleads guilty without the benefit of counsel has thereby competently waived his constitutional right to counsel, even though he may have sorely needed and been unable to obtain legal aid. A defendant who pleads guilty is entitled to the benefit of counsel, and a request for counsel is not necessary. It is enough that a defendant charged with an offense of this character is incapable adequately of making his defense, that he is unable to get counsel, and that he does not intelligently and understandingly waive counsel. Whether all these conditions exist is a matter which must be determined by evidence where the facts are in dispute."

We think the district court erred in dismissing the petition without a hearing. The order is reversed and remanded, with directions to proceed in accord with the announcements contained herein.

We express our appreciation of the capable representation of petitioner by Mr. Edward R. Lev, whom we appointed.

### On Petition for Rehearing

Before DUFFY, Chief Judge, MAJOR and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

The respondent, Warden of the Illinois State Penitentiary, speaking through the Attorney General, suggests in his petition for rehearing that the reversal of our judgment with directions to give petitioner a hearing will have an undesirable far-reaching effect upon prisoners of the state. He points to our decisions in United States ex rel. O'Connell v. Ragen, 7 Cir., 212 F.2d 272, and United States ex rel. Gawron v. Ragen, 7 Cir., 211 F.2d 902, reasserting the rule that when the merits of an application for habeas corpus in the district court have been previously presented to and passed upon by the state courts, including the highest court of the state, the federal district court should ordinarily decline to grant the writ even without holding a hearing. As the Supreme Court said in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 411, 97 L.Ed. 469: "Although they have the power, it is not necessary for federal courts to hold hearings on the merits, facts or law a second time when satisfied that federal constitutional rights have been protected." In the present case we were mindful of that rule, but attempted to show that the circumstances were so extraordinary or unusual that the district court should have conducted a hearing in order to determine for itself whether defendant's rights under the United States Constitution had been violated. In the Gawron case [211 F.2d 904], we called attention to the fact that petitioner contended that he had presented "an unusual and extraordinary situation." There, however, we were of the opinion that the facts presented did not present a case of such unusual circumstances as to require the district court to grant a hearing.

It is clear from the authorities that a federal district court is without jurisdiction to entertain a petition for writ of habeas corpus by a prisoner of the state except where a federal question is presented and the applicant has exhausted all remedies in the state courts. It is axiomatic that the state courts are as much the guardians of the federal constitutional rights of its prisoners as are the federal courts. Consequently, the unquestioned rule is that before a district court of the United States has jurisdiction to entertain a petition for a writ of habeas corpus, it must appear that the alleged constitutional ques-

tions have been raised in the state court and there finally disposed of. In such situation only the court obtains jurisdiction. However, it is not bound to act; and the cases show clearly that when there are no extraordinary circumstances the district court, in the exercise of a wise discretion, has a right to deny the application if it appears to it that the state court has correctly settled the question. Such is the effect we think, of Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

 We did not intend to deviate from this rule; the ground of our decision lay in the narrow point which sometimes appears in applications for writs of habeas corpus by state convicts, namely, the question was presented of whether the circumstances, under the averments of the petition, were so unusual that the trial court may have violated petitioner's rights when it refused to grant further continuances or to permit petitioner to make further effort to obtain counsel of his own choice, or when it appointed counsel who did not want to serve and is alleged to have been hostile to petitioner. It seemed to us that, under the petitioner's averments, the circumstances were such that the court, having jurisdiction of the application, should have conducted a hearing and determined for itself whether petitioner's constitutional rights had been violated at the time of the trial. It may well be that, after hearing, the district court will be of the opinion that the state court's decision upon this point is entirely convincing. On the other hand, it may be that the court will reach the opposite conclusion. In other words, upon federal questions, the federal court is not merely a rubber stamp for approving the decisions of the state courts. Having jurisdiction, it is its duty to determine the constitutional question. If the circumstances are such that it appears to the court that no adequate cause for issuance of the writ is presented, it may, in its discretion, rely upon the state court decisions, but it is not bound to do so and should not do so if it is convinced on hearing that a constitutional

right has been violated. In Moore v. Dempsey, 261 U.S. at page 92, 43 S.Ct. at page 267, the court said: " * * * it does not seem to us sufficient to allow a Judge of the United States to escape the duty of examining the facts for himself when if true as alleged they make the trial absolutely void." "In Bacom v. Sullivan, 181 F.2d 177, and Bacom v. Sullivan, 194 F.2d 166, the Fifth Circuit ruled that when a federal question had been presented to the state courts by at least one post-conviction procedure, certiorari on the same question having been once denied by this Court, there appeared a unique and extraordinary circumstance justifying federal examination under [Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761]." Brown v. Allen, 344 U.S. 443, at page 448, 73 S.Ct. 397, at page 403.

Needless to say our opinion must be confined to the narrow issue presented; namely, whether the prima facie case was sufficient to require a hearing. Accordingly, the petition for rehearing is denied.