**UNITED STATES of America, ex rel. De Vandlis WIGGINS, Petitioner,**

v.

**Joseph E. RAGEN, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent.**

**No. 56 C 175.**

United States District Court
N. D. Illinois, E. D.

April 24, 1957.

Edward R. Lev, Chicago, Ill., for petitioner.

Latham Castle, Atty. Gen. of Illinois, Ben Schwartz, Edward M. White, Asst. Attys. Gen., for respondent.

PERRY, District Judge.

On March 27, 1951, the petitioner, having pleaded guilty to an indictment charging armed robbery, was sentenced by the State court to serve terms in the Illinois penitentiary. In 1954 the petitioner prosecuted his petition under the Post-Conviction law of Illinois, S.H.A. Ill. ch. 38, § 826 et seq., which was denied on December 22, 1954. Upon writ of error to the Supreme Court of Illinois, this order was affirmed. Petition for certiorari was denied by the Supreme Court of the United States on January 10, 1956, Wiggins v. People of State of Illinois, 350 U.S. 940, 76 S.Ct. 314, 100 L.Ed. 820.

On January 26, 1956, the petitioner filed his petition for writ of habeas corpus, attaching thereto two exhibits: The transcript of the arraignment proceedings in the Criminal Court of Cook County and a copy of the detailed order of the Supreme Court of Illinois affirming the lower court's denial of a petition prosecuted under the Post-Conviction Act. After careful consideration of the petition and the two exhibits, it appeared to this court that the issues advanced by the petitioner had been adequately reviewed by the Illinois courts and therefore need not be re-examined by this court. Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572; Brown v. Allen, 344 U.S. 443, 465, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Gawron v. Ragen, 7 Cir., 211 F.2d 902; United States ex rel. O'Connell v. Ragen, 7 Cir., 212 F.2d 272.

Accordingly, on its own motion, this court dismissed the petition with prejudice on February 16, 1956.

The United States Court of Appeals, 7 Cir., 238 F.2d 309, granted a certificate of probable cause and on October 25, 1956, after argument, reversed the order of dismissal and remanded the cause to this court. Thereafter the respondent was ordered to show cause why the writ should not issue. The petitioner filed his response to the answer and argument was had thereon. Two additional exhibits are now a part of the record: The transcript of the post-conviction proceedings, and the affidavit of counsel appointed by the Criminal Court at the time of the arraignment proceedings.

The record in this case reflects that the Supreme Court of Illinois examined the identical claims advanced by the petitioner in the instant cause, namely, incompetence of court-appointed counsel, deprivation of the right to choose his own counsel, and refusal of the trial court to grant him a continuance to be ready for trial with a competent attorney. It considered these three-fold claims despite the fact that the petitioner limited his post-conviction proceedings to one single issue—the right to counsel of his own choosing.

This court has now reviewed the complete record of the arraignment proceedings and finds that Judge Crowley was extremely fair to the petitioner in this case. He afforded the petitioner more than ample opportunity to obtain counsel of his own choosing and he demonstrated patience in dealing with his petitioner.

This record clearly shows that the petitioner was first arraigned on January 24, 1951 in the Criminal Court of Cook County and not on March 5, 1951 as he

alleges in his petition. He eventually admits this in his reply to the answer to rule to show cause. On January 24, 1951, upon the petitioner's representations that he intended to procure private counsel and upon his motion, the cause was continued to February 5, 1951.

On February 5, 1951, the cause was again called and again the petitioner advised the court that while he did not have counsel he hoped that some one would obtain counsel for him. Upon his request that a public defender be appointed for him "for the time being," the court entered such an order and a plea of "not guilty" was made. The cause was then continued to March 5, 1951 to enable the petitioner to obtain counsel of his own choosing.

On March 5, 1951, the cause was again called for trial at which time the petitioner requested a sixty-day continuance for the purpose of procuring counsel. The court refused to accede to this request but instead, on petitioner's motion, continued the cause to March 27, 1951 to enable petitioner to obtain private counsel. On March 27, 1951, petitioner again advised the court that he had been unable to obtain private counsel. The court advised the petitioner that no further continuance could be granted and the matter was called for trial.

During the course of the hearing on March 27, 1951, the public defender complained of the petitioner's lack of cooperation and flatly advised the court that he did not wish to represent the petitioner any further. The court stated that he would have to continue with the representation unless the petitioner procured his own attorney. Thereupon, the court advised the petitioner that no further continuance could be granted and that the case would go to trial. The petitioner eventually stated that he desired a bench trial although he wanted counsel of his own choosing. While the court continued to advise him of his rights, the petitioner suddenly changed his plea to guilty. At this point the public defender interposed an objection and warned the court that the plea could not be accepted unless the petitioner would cooperate and discuss this matter with the public defender; unless the petitioner did this, the public defender felt that he would not continue to represent him. Through questioning of the petitioner by the court it was ascertained that the petitioner desired to confer with the public defender and that he bore no personal animosity toward the public defender. It was also ascertained that the public defender desired to discuss this matter with the petitioner. A continuance of two hours was granted by the court for this purpose. The petitioner considered this satisfactory. Two hours later the hearing was resumed at which time the petitioner persisted in his plea of guilty. Before the court accepted this plea the record shows that Judge Crowley carefully advised the petitioner of his rights and of the penalty for the crimes alleged to have been committed.

From this record this court finds that Judge Crowley zealously guarded the constitutional rights of the petitioner. The court warned him of his rights and of the consequences of his plea in the simplest of language. The petitioner was given every opportunity to consider his choice.

The record reveals that the petitioner skillfully avoided prosecution under the Habitual Criminal Act, which may well have resulted in a more severe sentence. Yet, he uttered no complaint as to the propriety of the proceedings or the circumstances under which his pleas of guilty had been accepted.

The record shows that the petitioner's claims are without merit and therefore the petition will be dismissed with prejudice.