UNITED STATES of America ex rel.
Abraham Elisha STONER,
Petitioner,

v.

Ross V. RANDOLPH, Warden, Illinois
State Penitentiary, Menard, Illinois, Respondent.

Misc. No. 214-D.

United States District Court
E. D. Illinois.

July 29, 1958.

Gino Groppi, Danville, Ill., for petitioner.

Fred G. Leach, William H. South, Benjamin I. Norwood, Jr., Asst. Attys. Gen., Latham Castle, Atty. Gen., for State of Illinois, for respondent.

PLATT, Chief Judge.

Abraham Elisha Stoner, an inmate of the Illinois State Penitentiary at Menard, Illinois, filed a petition for writ of habeas corpus. Leave was asked and granted to proceed in forma pauperis. 28 U.S.C.A. § 1915. Mr. Gino Groppi, an attorney at this Bar was appointed to represent Stoner, and Ross V. Randolph, Warden, respondent, was ordered to show cause. An amended complaint was filed and the respondent filed answer through his attorney, the Honorable Latham Castle, Attorney General of the State of Illinois. A hearing was had and the only witness presented was Stoner.

Stoner is now serving a sentence of one year to life on his plea of guilty to an indictment charging burglary and larceny,[1] in the Circuit Court of Madison County, Illinois, on February 1, 1943.

There are two issues involved:

1. Ill.Rev.Stat.1957, ch. 38, § 84, (in force March 27, 1874).

1. Has Stoner exhausted his available state remedies as required by 28 U.S.C.A. § 2254?

2. If the petitioner has complied with § 2254 was the proceeding which resulted in the conviction and sentencing of Stoner, under the circumstances where he was not represented by counsel, lacking in fundamental fairness as required by the Fourteenth Amendment to the Constitution of the United States?

██ The petitioner has exhausted his available state remedies. He filed a petition under the "Post-Conviction Hearing Act", Ill.Rev.Stat.1957, ch. 38, § 826 et seq., in the Circuit Court of Madison County, on the same grounds which he now alleges in this petition. A hearing was held and Stoner was represented by appointed counsel. The Circuit Court entered this order, "[The] court further finds that the petitioner was not deprived of any of his constitutional rights at the time court sentenced him in 1943. * * *" This judgment was reviewed in the Supreme Court of Illinois by writ of error which was denied May 25, 1954 without opinion. Certiorari to the Supreme Court of the United States was denied October 14, 1954. Stoner v. Randolph, 348 U.S. 849, 75 S.Ct. 75, 99 L.Ed. 669. The respondent admits these facts but insists that Stoner should also have prosecuted a writ of error to the Supreme Court of Illinois upon his conviction in accordance with Ill.Rev.Stat.1957, ch. 38, § 769.1 et seq., (in force March 27, 1874). This at most would have been an alternative remedy. However, only the common law record would have been reviewed. People v. Loftus, 400 Ill. 432, 81 N.E.2d 495. Such a proceeding would have been useless but if it were an available remedy Stoner was not required to pursue it to comply with § 2254. "The exhaustion of but one of several available alternatives is all that is necessary." Wade v. Mayo, 1948, 334 U.S. 672, 678, 68 S.Ct. 1270, 1273, 92 L.Ed. 1647. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, rehearing denied 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370.

It is therefore necessary for the court to determine the second issue as to whether Stoner was denied due process when he entered a plea of guilty without counsel, and was sentenced. Substantially the evidence disclosed that Stoner was born May 18, 1923; he lived with his parents in Louisiana, Missouri; he finished the third grade in the public schools; and at the age of 11 years he was sentenced for the period of his minority to the Missouri Training School at Booneville. At this institution he attended school half days and worked the · He probably received the equivalent to a fifth or sixth grade public school education. At 17 he escaped from the training school and committed a misdemeanor other half in the garden until he was 16 and then worked in the stone quarry. in Missouri, and served four months in jail on a one year sentence. When he appeared in court on these violations he was not represented by counsel. While on parole, in August, 1940, he and one Henry Nicholson, who was 24 years of age, entered a dwelling in Madison County, Illinois. About October 30, 1942 he was arrested by railroad detectives who suspected he violated the law, and was lodged in the city jail at Alton, Illinois. While there he was threatened by the officers who arrested him, and he admitted entering the dwelling. No violence was applied to Stoner. He was then transferred to the Madison County Jail at Edwardsville, Illinois. January 22, 1943, he was indicted by the grand jury in the Circuit Court of Madison County. The indictment charged burglary of a dwelling house with intent to commit larceny, and larceny of property of the value of $118.25, in violation of Ill.Rev.Stat.1957, ch. 38, § 84, (in force March 27, 1874). He was duly arraigned on January 22, 1943 in the Circuit Court of Madison County. He entered a plea of not guilty. His bond was fixed at $2,500 and in lieu of bond he was remanded to jail. Later he was taken to the office of the State's Attorney of Madison County, questioned and decided to change his plea to guilty. Feb-

ruary 1, 1943, when he was 19 years of age, he again appeared in the Circuit Court of Madison County without counsel, and withdrew his plea of not guilty, and entered a plea of guilty. The court informed him of the penalty of one year to life in the penitentiary for the offense charged in the indictment. The record states, "the court fully advises and admonishes him of the consequences of making such a plea still he persisted therein * * *." He was ignorant of his rights to trial by jury on his plea of not guilty. He did not know that without counsel he was entitled to a trial by jury, or what an attorney might accomplish for him. He had no funds to employ counsel. His father visited him while he was incarcerated in the Madison County Jail, but he had no funds to employ an attorney for him. He was not aware of the Illinois Statute in force at the time, which provides:

"Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he·is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense." Ill.Rev.Stat.1957, ch. 38, § 730 (in force March 27, 1874).

■ The court finds from Stoner's appearance and demeanor when he testified that he was truthful; that before and at the time of his plea of guilty on February 1, 1943 he was an immature person and did not have sufficient understanding to comprehend the serious position in which he was placed; that he was neither able to know nor understand 'his rights to counsel and to trial by jury; and that the admonishment by the court under the circumstances was inadequate to advise Stoner of his legal rights.

The applicable law ·has been set forth in Palmer v. Ashe, 1951, 342 U.S. 134, 72 S.Ct. 191, 96 L.Ed. 154. The Supreme Court there stated at page 135 of 342 U.S., at page 192 of 72 S.Ct.:

"This Court has repeatedly held that the Due Process Clause of the Fourteenth Amendment requires states to afford defendants assist-

ance of· counsel in noncapital criminal cases when there are special circumstances showing that without a lawyer a defendant could not have an adequate and a fair defense."

Attention of this court has been called to the cases of Bute v. People of State of Illinois, 1948, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986, and Foster v. People of State of Illinois, 1947, 332 U.S. 134, 67 S.Ct. 1716, 1717, 91 L.Ed. 1955, wherein the Supreme Court, based solely upon the common law record, held that the defendant was not denied due process where he pleaded guilty without counsel. It may be noted in the latter case that the court advised the defendant "of [his] rights of Trial." The record in the instant case fails to show that the admonishment informed Stoner of his rights of trial, and the decision here does not rest upon the common law record.

Stoner did have a post-conviction hearing and the Circuit Court of Madison County decided that he had not been denied his constitutional rights. Although writ of error to the Supreme Court of Illinois was denied without opinion, and certiorari was denied by the United States Supreme Court, these proceedings are not res judicata of Stoner's legal rights. Brown v. Allen, 344 U.S. 443, 458, 73 S.Ct. 397, 97 L.Ed. 469. Judge Lindley, in Wiggins v. Ragen, 7 Cir., 1954, 238 F.2d 309, 314, certiorari denied Wiggins v. People of State of Illinois, 350 U.S. 940, 76 S.Ct. 314, 100 L.Ed. 820, clearly defined the duty of the district court where such legal remedies have been pursued:

"[U]pon federal questions, the federal court is not merely a rubber stamp for approving the decisions of the state courts. Having jurisdiction, it is its duty to determine the constitutional question. If the circumstances are such that it appears to the court that no adequate cause for issuance of the writ is presented, it may, in its discretion, rely upon the state court decisions, but it is not bound to do so and should not do so if it is convinced on hearing

that a constitutional right has been violated." .

This court has given weight to the decisions of the state courts but the circumstances in this case are so compelling that this court has no hesitancy in concluding that Stoner did not have a fair trial, and that the Due Process Clause of the Fourteenth Amendment has been violated. It may be that Stoner was guilty of the crime as charged in the indictment, but he was entitled to the protection of due process of law. United States v. Ragen, 7 Cir., 1954, 212 F.2d 272, 273.

The court therefore concludes that Stoner should be discharged.

The court wishes to thank Mr. Gino Groppi for his services in representing Mr. Stoner.

Findings of fact, conclusions of law and order in accordance with the views herein expressed may be submitted. The order shall stay discharge ten days to permit an appeal and supersedeas by the respondent, if so desired.