Fred J. ODELL, Petitioner-Appellant,

v.

John C. BURKE, Warden, Wisconsin State Prison, Respondent-Appellee.

No. 12882.

United States Court of Appeals Seventh Circuit.

July 25, 1960.

Giles F. Clark, Milwaukee, Wis., for appellant.

William A. Platz, Asst. Atty. Gen., for appellee.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and MERCER, District Judge.

MERCER, District Judge.

Petitioner, an inmate at Wisconsin State Prison, appeals from an order of the United States District Court for the Eastern District of Wisconsin, denying, without a hearing, his petition for writ of habeas corpus.

At the outset, we note that petitioner is represented by Mr. Giles F. Clark, court-appointed counsel, who has presented the case for petitioner both in written brief and on oral argument. This court is appreciative of his valuable services.

We must first consider respondent's contention that petitioner has not exhausted his state remedies and cannot, therefore, prosecute a petition for writ of habeas corpus under the provisions of 28 U.S.C.A. § 2254. The court below rejected that contention.

Petitioner was convicted in the Municipal Court of Kenosha, Wisconsin, of the crime of assault and theft, while armed, and was sentenced to a term in prison of

not more than fifteen years. He did not appeal that conviction as he might have done. Instead, some two years after the date thereof, on December 18, 1958, he filed in the Supreme Court of Wisconsin his petition for habeas corpus in which he·alleged the constitutional questions which he now asserts. There is no dispute that that petition was in accordance with established Wisconsin appellate procedures and was timely filed. On February, 4, 1959, the State Supreme Court denied his petition without a hearing. Thereafter, petitioner filed a request for executive clemency, which was denied. Petitioner then, on May 28, 1959, filed in the United States Supreme Court an instrument which he designated as a motion for leave to docket and prosecute a petition for habeas corpus. That petition was denied. Odell v. Burke, 360 U.S. 926, 79 S.Ct. 1465, 3 L.Ed.2d 1541.

Respondent contends that petitioner failed to prosecute a petition for certiorari to review the state court's decision denying his petition for writ of habeas corpus, and that he has, by his failure so to do, failed to exhaust his state remedies. The cornerstone for that contention is the argument that the instrument which petitioner filed in the United States Supreme Court cannot be construed as a petition for certiorari.

■ We do not agree. Although the papers filed in the United States Supreme Court were entitled as a motion for leave to file a petition for writ of habeas corpus, reference was therein made to the decision of the State Supreme Court. It also appears from a recitation in the papers filed in the United States Supreme Court that a Justice of that Court had extended the time within which petitioner might file a petition for review of the State Court decision to a day subsequent to May 28, 1959. While it is true that the Court did not, expressly, treat petitioner's motion as a petition for certiorari, Odell v. Burke, 360 U.S. 926, 79 S.Ct. 1465, we think that that motion must be so construed, applying the principle that papers drafted by a layman who is unskilled in legal formality will be construed most favorably to his cause. Baker v. Ellis, 5 Cir., 194 F.2d 865. The issues presented to the Wisconsin Supreme Court were presented to the United States Supreme Court by petitioner in his effort to there seek review. We think that effort satisfied the spirit, if not the letter, of the doctrine of exhaustion of state remedies. We, therefore, reject respondent's contention.

The basic issue before us upon the merits of this appeal is the question whether the trial court properly denied the petition for habeas corpus without a hearing. Resolution of that basic issue depends upon a determination whether any of the allegations of fact of the petition are sufficient to allege, *prima facie*, a denial of due process of law as guaranteed to petitioner by the Fourteenth Amendment to the Constitution of the United States. Wiggins v. Ragen, 7 Cir., 238 F.2d 309, 311.

Petitioner first alleges that he was denied federal due process in that he was not represented by counsel and was not advised of his right of counsel during the preliminary hearing phase of his prosecution.

■ Petitioner was arrested on March 8, 1956. On March 9, 1956, he appeared before the County Court of Kenosha County and entered a plea of not guilty. His preliminary hearing was adjourned by the court to March 19th. On the latter date, petitioner again appeared in court and requested that his preliminary hearing be adjourned to March 29th. His request was granted. On March 29th, he again appeared in court, at which time the preliminary hearing was adjourned indefinitely because of the illness of the county judge.[1] On April 17, 1956, petitioner was brought before the small claims court and, at petitioner's

---

1. The indefinite adjournment was a violation of state law. The pertinent statute provides that a preliminary examination may be adjourned from time to time, "but not exceeding 10 days at one time without the consent of the defendant * * *." Wisconsin Statutes, 1953 Sec. 354.05(1) [W.S.A. 954.05].

request, the preliminary hearing was again adjourned. No definite date for a hearing was set because of the continued illness of the county judge. On April 23, 1956, petitioner made his final appearance in county court and, at that time, waived his right to a preliminary hearing. He was then bound over to the Municipal Court of Kenosha for trial.

On and prior to April 23, 1956, petitioner was not represented by counsel and he had not been advised of his right to counsel. Unable to provide bail, he remained confined in jail until conviction and imposition of sentence.

▇ Nothing in the record reveals the fact as to petitioner's arraignment,[2] but that omission is merely academic. Petitioner makes no contention that he was improperly arraigned, with the exception of his argument that the record does not show that he was then advised of his right to counsel. Pertinent to the facts of his representation, on April 27, 1956, petitioner was represented by attorneys who appeared for him and filed a statutory notice of alibi.[3] After April 27th, petitioner was represented by counsel at all further proceedings in the state court through October 16, 1956, the date of the verdict of conviction.

▇ The major predicative basis for the contention that petitioner was denied federal due process by the alleged denial of the right to counsel is that such denial is a violation of the constitutional and statute law of the State.[4] We need not consider the question whether, in fact, the State laws were violated in the particulars alleged.[5] Assuming, arguendo, that petitioner was deprived of counsel at and prior to his waiver of a preliminary hearing in violation of the State's laws, that illegality does not, *per se*, vitiate petitioner's conviction. The Fourteenth Amendment does not incorporate into itself state constitutional and statute law. Hebert v. Louisiana, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270; Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 73, 31 S.Ct. 337, 55 L.Ed. 369; Patterson v. Colorado, 205 U.S. 454, 27 S.Ct. 556, 51 L.Ed. 879. Before

2. The plea of not guilty entered in the County Court on March 9, 1956, cannot be interpreted as an arraignment. Wisconsin Statutes 1953, Sec. 354.04 [W.S.A. 954.04]. A preliminary hearing, even though conducted by a judge of a court of record, is merely a magistrate's inquiry and a plea is not necessary. State v. Friedl, 259 Wis. 110, 47 N.W.2d 306; State ex rel. Durner v. Huegin, 110 Wis. 189, 85 N.W. 1046, 1058, 62 L.R.A. 700.

3. It may be presumed that petitioner was arraigned on April 27, 1956, when his attorneys filed the statutory notice of alibi. Section 355.07 of the Wisconsin Statutes, 1953 [W.S.A. 955.07], provides that, "if the defendant intends to rely upon an alibi as a defense, he shall give to the district attorney written notice thereof on the day of arraignment" stating the place where the defendant will claim to have been, and the names and addresses of witnesses upon whom he will rely, to establish his alibi. See also, Wisconsin Supreme Court Rule 355.085, 214 Wis. vii.

4. Article 1, Section 7, of the Wisconsin Constitution provides, in pertinent part: "In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; * * *."

Wisconsin Statutes 1953, Sec. 357.26 [W.S.A. 957.26] provides, in pertinent part:

"(1) Courts of record may appoint counsel for defendants charged with felonies and who are without means to employ counsel. * * *

"(2) Upon arraignment and before plea, the court shall advise any person charged with a felony of his right to counsel and that if he is indigent the court will appoint counsel at his request. A record of such advice and of the defendant's reply, if any, shall be made in the docket or in a transcript of the proceedings. * * *."

5. Since petitioner's principal contention relates to his waiver of preliminary hearing without advice of counsel, and since a county judge does not sit as a court of record on a preliminary hearing, State v. Friedl, 259 Wis. 110, 47 N.W.2d 306, it would seem to follow that the only allegation made which would constitute a violation of Section 357.26(2) is the contention that it does not appear from the record that petitioner was advised of his right to counsel upon arraignment.

a federal court may declare a state court conviction void for the reason that there has been a violation of state law, it must clearly appear that the state has interpreted and applied its laws in such manner as to abridge some fundamental right. Hebert v. Louisiana, supra, 272 U.S. at pages 316–317, 47 S.Ct. at page 104. The denial of the right to counsel at a preliminary hearing is not an abridgment of such a fundamental right.

■ In the first place, there exists no constitutional right to demand a preliminary hearing prior to indictment or trial. Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343; Clarke v. Huff, 73 App.D.C. 351, 119 F.2d 204; Moore v. Aderhold, 10 Cir., 108 F.2d 729; Garrison v. Johnson, 9 Cir., 104 F.2d 128, 130, certiorari denied 308 U.S. 553, 60 S. Ct. 107, 84 L.Ed. 465. We think it axiomatic that, if a state may dispense entirely with preliminary hearings without transgressing the federal due process mandate, it may likewise conduct such hearings informally, so long as the procedure employed does not operate to the prejudice of a defendant in the subsequent trial of his cause in such a way that it must be characterized as a violation of some fundamental principle of justice.

■ Secondly, petitioner's argument assumes the existence of an absolute right to counsel in non-capital, state, criminal prosecutions. The due process Clause of the Fourteenth Amendment creates no such absolute right. Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L. Ed.2d 557; Crooker v. California, 357 U.S. 433, 439–440, 78 S.Ct. 1287, 2 L.Ed. 2d 1448; Bute v. Illinois, 333 U.S. 640, 670–677, 68 S.Ct. 763, 92 L.Ed. 986; Townsend v. Burke, 334 U.S. 736, 68 S. Ct. 1252, 92 L.Ed. 1690; Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683; Betts v. Brady, 316 U.S. 455, 471–473, 62 S.Ct. 1252, 86 L.Ed. 1595. Compare, Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, a capital case. As we said in Wiggins v. Ragen, 7 Cir., 238 F.2d 309, 312, "in state noncapital convictions, there is no fundamental right to counsel, except where special circumstances are such that without counsel defendant cannot enjoy a fair, adequate hearing." Such special circumstances must be alleged in a petition for habeas corpus to state a *prima facie* claim of denial of federal due process. Ibid.

■ ■ Petitioner does not allege any special circumstances which would render his trial and conviction fundamentally unfair. He asserts, only, that he was deprived of counsel at the time when he waived a preliminary hearing and that that deprival, *per se*, constitutes a denial of federal due process.[6] That

---

6. Had petitioner felt himself prejudiced by his waiver of preliminary hearing without advice of counsel, he might have sought a remand under the provisions of Section 355.18(2) (a), Wisconsin Statutes, 1953, [W.S.A. 955.18(2) (a)], which provides as follows:

"(1) * * *

"(2) (a) Upon good cause shown the trial court may in its discretion remand the cause to the magistrate for a preliminary examination, upon motion made pursuant to § 355.09. Good cause means:

"1. Preliminary examination was waived; and

"2. Defendant had not had advice of counsel prior to such waiver; and

"3. Defendant denies that probable cause exists to hold him for trial; and

"4. Defendant intends to plead not guilty."

Section 355.09, Wisconsin Statutes, 1953 [W.S.A. 955.09], provides in pertinent part:

"(1) All pleas in abatement or in bar, demurrers and motions to quash are abolished, and defenses and objections which may or must be raised before trial shall hereafter be raised only by motion to dismiss or for appropriate relief as herein provided.

* * * * *

"(3) Defenses and objections based on defects in the institution of the proceedings * * * must be raised before trial by motion or be deemed waived. But the court may, in its discretion entertain such motion at a later stage of the trial, in which case the defendant waives any jeopardy that may have attached. * * *."

assertion is erroneously conceived. Petitioner was apparently represented by counsel at his arraignment,[7] and he was represented at all stages of his trial subsequent thereto. It appears conclusively that the requirements of federal due process were satisfied.

We conclude that the petition, insofar as it is based upon alleged deprival of the right to counsel, states no federal question.

■■■ We are convinced, also, that the allegations of the petition relating to the denial of a speedy trial are not, *prima facie,* sufficient to allege a denial of federal due process. In In re Sawyer's Petition, 7 Cir., 229 F.2d 805, certiorari denied Sawyer v. Barczak, 351 U. S. 966, 76 S.Ct. 1025, 100 L.Ed. 1486, we held that the due process concept does not create a fundamental right to a speedy trial to persons tried in state courts. We there stated that, "The right to a speedy trial is relative and must always be judged by the surrounding circumstances." Ibid., 229 F.2d at page 812.

Petitioner has alleged no facts indicative that the delay in bringing him to trial was unreasonable, or that his rights were in any way prejudiced thereby. He was represented by counsel when the trial date was fixed. He makes no contention that he then objected to the date fixed, or that he ever demanded an immediate trial.[8] Cf., Id.; Hastings v. McLeod, 10 Cir., 261 F.2d 627. On the contrary, he predicates his petition upon the erroneous contention that delay, *per se,* is a denial of due process of law proscribed by the Fourteenth Amendment. That contention is misconceived.

We, therefore, conclude that the allegations of the petition are insufficient, *prima facie,* to present any federal constitutional question for decision. The petition was properly denied, and the judgment of the District Court is

Affirmed.

---

**7.** Note 3, supra.

**8.** In State v. Sawyer, 263 Wis. 218, 224, 56 N.W.2d 811, 814, the court held that a defendant, "as a condition precedent" to a request for dismissal of a "criminal charge pending against him on the ground that he has been denied his constitutional right of a speedy trial," (Wisconsin Constitution, Art. 1, Sec. 7), must first have taken some affirmative action to demand a trial upon the charge. To the same effect is State v. Sawyer, 266 Wis. 494, 63 N.W.2d 749, certiorari denied 348 U.S. 855, 75 S.Ct. 80, 99 L.Ed. 674.