UNITED STATES of America ex rel. James WHEELER

v.

COMMONWEALTH OF PENN-SYLVANIA

and

James F. Maroney, Superintendent State Correctional Institution, Pittsburgh, Pennsylvania.

Misc. No. 3023.

United States District Court
W. D. Pennsylvania.

Jan. 23, 1963.

ROSENBERG, District Judge.

The relator is now imprisoned in the State Correctional Institution at Pittsburgh, Pennsylvania. He complains that he is being held illegally and petitions for a writ of habeas corpus. He was sentenced twice, first by a federal judge and second by a state judge.

On February 5, 1958, upon a plea of guilty, relator was sentenced to five years in prison for violation of the narcotic laws by Judge Willson of this Court at Criminal No. 15385.

He was convicted in the Allegheny County Court and sentenced by Judge Weiss on February 25, 1958, at No. 696 October Term 1957, to serve not less than two and one-half years, nor more than five years for larceny and receiving stolen goods, and on March 3, 1958, at No. 698 October Term 1958, to serve not less than one year, nor more than two years for larceny of an automobile. These sentences were imposed concurrently.

The relator served his Federal sentence first and then was returned to State authorities on May 15, 1962, to begin serving the State sentence. The relator in his petition to this Court does not question the legality of either the Federal or State sentences imposed upon him. His attack now is against serving the State sentence on the theory that the State waived its right to hold him when it released him to the Federal authorities in the first instance. In his petition he attempts to test this theory by seeking from this Court consideration of a petition for the issuance of a writ of habeas corpus.

> "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

> "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." June 25, 1948, c. 646, 62 Stat. 967, 28 U.S.C.A. § 2254.

The relator has not shown that he exhausted his State remedies or that circumstances exist which render such State processes ineffective to protect the rights of the prisoner. No federal question has been presented that constitutes a jurisdictional matter requiring a federal court's determination by means of this extraordinary writ. Wiggins v. Ragen, 7 Cir., 238 F.2d 309, 1956. The petition for a writ of habeas corpus will therefore be refused.